ROBBINS *v*. LIFE INS. CO. OF VIRGINIA.

*(Nashville,* December Term, 1935.)

Opinion filed January 11, 1936.

GILLILAND & GILLILAND, and EDWIN H. DARDEN, all of Memphis, for plaintiff in error.

JOHN L. EXBY, of Memphis, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought by the insurance company October 17, 1934, to recover from Robbins on certain monthly rental notes given by him payable to his landlord, J. L. Flynn. A garnishment had been served on Robbins by a judgment creditor of Flynn on May 8, 1934, five notes being then outstanding, for rent for the months of May to September, inclusive.

The plaintiff insurance company acquired these notes on the 20th of May, 1934, by assignment and delivery from Flynn, who was indebted to the insurance company as the beneficiary under an outstanding trust deed conveying the property occupied in part by Robbins. A sample form of the notes in question is as follows:

"$50.00                    Memphis, Tenn., Sept. 18, 1933.

"On the first day of August, after date, I promise to pay to the order of J. T. Flynn Fifty and No/100 Dollars at Memphis, Tenn.

"For rent of upper duplex at 1320 Peabody

"For the month ending 7-31-34.

"No. 10

                              "C. A. ROBBINS, JR."

The theory of the insurance company is that the notes are negotiable instruments, acquired without notice of the garnishment proceedings, in due course and free from equities as between the maker and payee, and with rights superior to those of the garnishment lien. The trial court so held and rendered judgment on the notes against Robbins, who appeals. By his first spe-

cific assignment he contends that the notes are not negotiable instruments because not unconditional promises to pay, in that they on their face recite that they are for rent of premises described for named future months. This is the determinative issue presented.

It is conceded that, in this jurisdiction, a mere recital that a note was given for rent did not render the note nonnegotiable prior to the adoption of the Code of 1932. Section 7619 of this Code is invoked, reading as follows:

"Where any building which is leased or occupied is destroyed or so injured by the elements, or any other cause, as to be untenantable and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, surrender possession of the premises; and he is not liable to pay the lessor or owner rent for the time subsequent to the surrender."

The argument is (1) that the effect of this law is to render a note for future rent a conditional obligation only, in the hands of the landlord payee, and (2) that when the note, although otherwise negotiable, recites, and thus carries notice on its face, that it is for future rent, the conditional element created by this statute equally applies.

We have no decision in this state directly in point, but it is said that the principle approved in *Hight* v. *McCulloch*, 150 Tenn., 117, 263 S. W., 794, 796, is applicable. In that case the note passed on contained on its face not only a recital that it was for rent of a certain house for a given month, "as per contract of even date," but carried this express provision, "This note void in case the property is destroyed before maturity."

The court recognized that "there is a decided conflict of authority as to whether the use of the words 'as per contract' in the face of a promissory note makes it non-negotiable," citing *Strand Amusement Co.* v. *Fox,* 205 Ala., 183, 87 So. 332, 14 A. L. R., 1121, and case note. But the court had no hesitation in holding that the provision quoted defeated negotiability. This was, of course, because a condition of payment was attached by the provision quoted, of which the instrument gave notice on its face.

Now, here a like condition is attached to the obligation evidenced by this note by the provisions of the statute, and notice that this note evidences an obligation of that class to which the statute applies is plainly given on the face of the note. We think there can be no doubt that this contract, although a promise to pay in form otherwise negotiable, is rendered conditional by the statute, that the provisions enacted into the Code as section 7619, "enter into and form a part of it, as fully as if they had been expressly referred to or incorporated in its terms." Mr. Justice BRANDEIS thus states the general rule in an opinion from which language the above quotation is taken:

Laws affecting either the construction, enforcement, or discharge of a contract, which "subsist at the time and place of making the contract, and where it is to be performed, enter into and form a part of it as fully as if they had been expressly referred to or incorporated in its terms." *Farmers', etc., Bank* v. *Federal Reserve Bank,* 262 U. S., 649, 43 S. Ct., 651, 67 L. Ed., 1157, 30 A. L. R., 635.

The situation is much the same as if the statute in terms provided that notes given for rent, carrying on

the face a notation of the fact, are nonnegotiable, although otherwise in negotiable form. In such case it would not be denied that the statute governed. There is little difference in principle between such a situation and that before us. It is urged that the conditional element must appear on the instrument itself—that the contract must be taken at its face and the issue of negotiability be so determined. This is true in so far as the acts of the contracting parties go, but every contract is subject to the law of its making, and no omission of the parties can defeat its application.

We are cited to one opinion apparently contra, *Tyler* v. *Whitney-Central Trust & Savings Bank,* 157 La., 249, 250, 102 So., 325, but, in the first place, the opinion does not purport to quote the law that state invoked, which may differ from our Code provision, and, in the second place, we are not in accord with the reasoning. The rule relied on that a note will not be rendered nonnegotiable merely by notice that the consideration for it is executory, citing 8 C. J., Bills and Notes, par. 213, and 9 R. C. L., par. 273, is not questioned, but is not controlling here.

The paragraph quoted from C. J., *supra,* reads: "The fact that the consideration recited is executory will not change the rule [that is, make the note non-negotiable], *unless it appears from the recital that payment is made to depend on the performance or the execution of the consideration recital."* Quite true, but the distinguishing point, in accord with the language we have italicized, is that, by the express terms of our statute, the obligation to make the payment evidenced by the notes is "made to depend on the performance or the execution

of the consideration recited," notice of the applicability of the statute to the note being recited on its face.

It should be borne in mind that the identical protective element of negotiability here involved, namely, exemption from the assertion of equities between the original parties to the instrument, is itself not recited in terms on its face, but is dependent for its effect on the governing law, and the Code provision in question is equally entitled to be treated as governing.

It results that the trial court was in error in holding these notes negotiable instruments. In this view, it becomes unnecessary to discuss other assignments. Being nonnegotiable for the reasons stated, and the garnishment proceedings having been instituted as shown, the judgment must be reversed and the suit dismissed.