Danny L. **SCHULTZ**,
Plaintiff–Appellant,

v.

**HARFORD MUTUAL INSURANCE CO.**,
Defendant–Appellee.

Court of Appeals of Tennessee,
Eastern Section.

Oct. 7, 1987.

Permission to Appeal Denied
by Supreme Court May 2, 1988.

Steven Oberman and W. Zane Daniel with Daniel & Oberman, Knoxville, for plaintiff-appellant.

Dalton L. Townsend and Julia S. Howard with Hodges, Doughty & Carson, Knoxville, for defendant-appellee.

OPINION

SANDERS, Presiding Judge (Eastern Section).

The pivotal question on this appeal is whether or not the contractual requirement to commence suit within one year is satisfied where suit has been filed within a year but is nonsuited more than a year after the cause of action arose when a second suit on the same cause of action is filed against the same Defendant. We find the answer to be in the negative.

The pertinent facts in the appeal before us are not in dispute.

The Defendant Appellee Harford Mutual Insurance Company had in force a fire insurance policy on the property of Plaintiff–Appellant Danny Schultz when it was destroyed by fire on December 1, 1981. As pertinent here the policy provides:

> No suit shall be brought on this policy unless the insured has complied with all the policy provisions and has *commenced suit within one (1) year after the loss occurs.* (Emphasis added.)

The Plaintiff filed suit in the Chancery Court of Anderson County against the Defendant on May 26, 1982, to recover the proceeds of the policy. While the original suit was still pending the Plaintiff filed a second suit on June 29, 1984, against the Defendant along with a number of other Defendants in the Circuit Court of Knox County. In the second suit the Plaintiff sought to recover the proceeds of the policy while also seeking damages against all the Defendants for alleged tortuous misconduct. On July 2, 1984, the Plaintiff took a voluntary non-suit in the original case in Anderson County. The Defendant filed a motion in the second suit for partial summary judgment asking the Court to dismiss the claim for the proceeds of the policy in that the suit had not been filed within one year from the time of loss as required by the policy. The Court sustained the motion and the plaintiff has appealed presenting the following issues for review:

I. Was the contractual limitation of one (1) year to commence suit satisfied when suit was filed in Anderson County within one (1) year of the loss, even though the insured refiled the same cause of action in Knox County and took a voluntary non-suit as to the original Complaint?

II. Was the granting of summary judgment proper in this case?

We think the case of *Guthrie v. Indemnity Association,* 101 Tenn. 643, 49 S.W. 829 (1899) is controlling on the first issue. The *Guthrie* case was a suit for the proceeds of a life insurance policy. As pertinent here the policy provided as follows:

> It is expressly understood and agreed that no action shall be maintained nor recovery had for any claim upon or by virtue of this policy after the lapse of one year from the date of the death of said insured, and if said suit or proceedings for such recovery be not commenced within one year from the date of the death of said insured it shall be deemed a waiver on the part of all parties concerned of all rights or claims under or by virtue of this policy, and as conclusive evidence against the validity of such claim, and this policy shall be null and void and of no effect, and no person shall be entitled to damages or the recovery of any money paid thereon.

*Guthrie,* at 649, 49 S.W. 829.

The insured died on January 1, 1895. Suit was filed to collect the proceeds on November 4, 1895. Process was served the Tennessee Commission of Insurance on November 17. At the December term 1896 the Court sustained a plea in abatement based on insufficient process. A new suit

was filed May 18, 1897. Upon the trial of the case the Defendant relied exclusively upon the above quoted one year limitation in the policy. The Circuit Court found in favor of the Defendant and Plaintiff appealed. In affirming the trial Court our Supreme Court quoted with approval from *Riddlesbarger v. The Hartford Fire Insurance Company*, 74 U.S. (7 Wall) 386, 19 L.Ed. 257 (1869). *Riddlesbarger* was a suit to recover the proceeds on a fire insurance policy. The policy as pertinent here provided: "The condition that no action against the Company for the recovery of any claim upon the policy shall be sustained unless commenced within twelve months after the loss shall have occurred...." A fire occurred in March 1862. Suit was filed in June 1862. A voluntary dismissal of the case was entered in June 1864. Within one year the Plaintiff refiled the suit. In holding the Plaintiff could not maintain the second suit the Supreme Court of the United States said:

> The action mentioned, which must be commenced within the twelve months, is the one which is prosecuted to judgment. The failure of a previous action for any cause cannot alter the case. The contract declares that an action shall not be sustained, unless such action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception in the event of the failure of an action commenced, and the court cannot insert one without changing the contract.

*Riddlesbarger*, at 259.

Our Supreme Court in *Guthrie, supra* quoted the above holding with approval at 101 Tenn. 649, 49 S.W. 829. In view of the holding of our Supreme Court in *Guthrie,* we find the trial court properly granted summary judgment.

The issues are found in favor of the Appellee. The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellant.

FRANKS, J., and WILLIAM H. INMAN, Special Judge, concur.

FRANKS, Judge, concurring.

The majority does not address whether T.C.A. 28–1–105 would be applicable in this type of case, but does suggest otherwise.

Since the applicability of the statute is not before us, I concur with the majority opinion.