Victoria CRISMON, Plaintiff–Appellant,

v.

Jack Leon CURTISS and the American Insurance Company, Defendants–Appellees.

Supreme Court of Tennessee, at Nashville.

Feb. 26, 1990.

Carlton H. Petway, Sr., Nashville, for plaintiff-appellant.

Courtney N. Pearre, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Knoxville, for amicus curiae.

Barry L. Howard, Alan M. Sowell, Gracey, Ruth, Howard, Tate & Sowell, Nashville, for defendants-appellees.

## OPINION

HARBISON, Justice.

Plaintiff recovered a judgment against an uninsured motorist for $25,000 compensatory damages and $15,000 punitive damages as a result of an accident which occurred on September 19, 1984. The verdict was rendered on October 1, 1987. At the time of the accident punitive damages were legally recoverable under most uninsured motorist policies, including the policy involved in this case. By a statutory amendment effective February 18, 1986, nearly one and one-half years after the accident, coverage of uninsured motorist policies was limited to compensatory damages only.

The insurance carrier appealed the award of punitive damages, contending that by the date of the trial such damages were no longer recoverable in uninsured motorist cases. The trial judge had upheld the award, but the Court of Appeals reversed, reasoning that the legal liability of the uninsured motorist was not fixed until the date of the verdict, and that at that time punitive damages were not covered.

We respectfully disagree. The claims of the insured against both the uninsured tortfeasor and the uninsured motorist carrier accrued on the date of the accident. At that time, under the holding of this Court in *Mullins v. Miller*, 683 S.W.2d 669 (Tenn. 1984), the terms of the insurance policy covered punitive as well as compensatory damages up to the policy limits. The 1986 amendment, in our opinion, could not validly be applied retroactively so as to impair the accrued contractual rights of the insured under her policy.[1]

That policy required the insurer to pay "damages which a covered person is legally entitled to recover" from an uninsured motorist. Prior to the decision in *Mullins v. Miller, supra,* that identical language in liability insurance policies had been held to require coverage of punitive damages. *Lazenby v. Universal Underwriters Insurance Co.,* 214 Tenn. 639, 383 S.W.2d 1 (1964). In the *Mullins* case, *supra,* the Court recognized that there were differences between liability insurance policies and uninsured motorist policies in several respects. The majority concluded, however, that the identical wording in the two types of policies with respect to liability for damages required the uninsured motorist carrier to cover punitive damages in the absence of a legislative direction to the contrary. Such a direction came by the amendment to T.C.A. § 56–7–1201 effective February 18, 1986.

As stated previously, however, the rights of the present appellant, both in tort and in contract, arose on the date of her accident in September 1984. While the amendment to the uninsured motorist statute expresses the legislative intent as of the time of its passage, it is not merely procedural. The Court of Appeals referred to it as a "remedial" amendment, but it is remedial only in the sense that it clarifies or expresses legislative policy, not in the sense of merely changing procedures in a civil action.[2] Its effect is substantive; it limits the kinds of damages recoverable under policies issued pursuant to the uninsured motorist statutes.

Appellee contends that to require an uninsured motorist carrier to pay punitive damages has the effect of punishing an innocent insurer rather than the tortfeasor. Of course the same argument has often

---

1. Tenn. Const. Article 1, § 20. In the early case of *Smith v. Brady's Administrators,* 15 Tenn. 446, 451 (1835) this Court stated that generally "the law in being at the time of making a contract must govern that contract."

2. Appellee relies upon cases dealing with procedural changes such as the method of service of process. *See Saylors v. Riggsbee,* 544 S.W.2d 609 (Tenn.1976).

been advanced with respect to a liability insurance carrier, but the General Assembly has seen fit to limit coverage only in the uninsured motorist context. Its limitation, however, was effective only for claims arising after the operative date of the statutory amendment. To hold otherwise would permit the rights of policy holders to vary with trial calendars of various courts and with the setting of trial dates on those calendars.

The policy in question was issued on February 5, 1984, and renewed on August 5, 1984. The accident occurred September 19, 1984, and suit was filed on September 18, 1985. Presumably if suit had been filed earlier and the trial calendar had permitted, the case could have been tried and a verdict rendered prior to the effective date of the statute in February 1986. In that event the insurance carrier could hardly have contended that its policy did not cover punitive damages under the law applicable prior to the amendment or that the amendment would affect the coverage.

The judgment of the Court of Appeals is reversed. The judgment of the trial court is reinstated. Costs on appeal are taxed to the insurance carrier. The cause will be remanded to the trial court for collection of costs accrued there and for any other proceedings which may be necessary.

DROWOTA, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.