Roger KEE, Plaintiff–Appellant,

v.

**SHELTER INSURANCE d/b/a Shelter Insurance Mutual Insurance Company, Defendant–Appellee.**

Supreme Court of Tennessee, at Jackson.

April 5, 1993.

J.T. Harris, Memphis, TN for plaintiff-appellant.

Michael L. Robb, Elizabeth T. Collins, Thomason, Hendrix, Harvey, Johnson, Mitchell, Blanchard & Adams, Memphis, for defendant-appellee.

## OPINION

ANDERSON, Justice.

This appeal raises the issue of whether applying the recently amended Savings Statute, Tenn.Code Ann. § 28–1–105(b) (Supp.1992),[1] to an insurance contract existing before the statute's amendment violates the prohibition in Article I, Section 20 of the Tennessee Constitution against passing "retrospective law, or law impairing the obligation of contracts." Prior to the amendment, Tennessee courts had interpreted the Savings Statute as not extending the contractual time limitation within which to bring suit for a loss. The policyholder argues on appeal that since the Sav-

---

1. The amendment, adopted May 2, 1989, specifically applies the Savings Statute to contracts which limit the time within which an action may be brought.

ings Statute affects only the remedy and not the right, it may be retroactively applied without violating the Tennessee Constitution. We conclude the retroactive application of the Savings Statute affects a contract right and, therefore, unconstitutionally impairs the obligation of the existing contract of insurance. Accordingly, we affirm the Court of Appeals.

## FACTUAL BACKGROUND

In 1986, the plaintiff, Roger Kee ("Kee"), purchased a homeowner's insurance policy from the defendant, Shelter Mutual Insurance Company ("Shelter"). The policy contained a provision requiring that suits by the policyholder against the company be brought within "one year after the loss or damage occurs after any claim is denied." The insurance contract was renewed every six months until it was last renewed in June 1988. On July 26, 1988, Kee's home was destroyed by fire. He submitted a timely claim for loss, but it was denied on September 9, 1988, because of alleged fraudulent misrepresentations and nondisclosure on the policy application.

Kee brought suit within the one-year contractual limitation period, on July 12, 1989, claiming that Shelter's denial of his claim breached the insurance contract. Later, on September 22, 1989, he voluntarily dismissed that action.

The present suit was filed on April 18, 1990, again alleging that the denial of Kee's claim breached the insurance contract. Shelter moved to dismiss on the grounds that Kee had not complied with the contract's limitation-of-action provision requiring actions to be brought within one year after denial of a claim. Kee relied upon an amendment to the Savings Statute that became effective May 2, 1989 (after the contract was written and the fire loss occurred, but before the filing of the original action and voluntary dismissal), which provides:

> In the case of a contract which limits the time within which an action arising out of such contract must be brought, if such action is commenced within the time as limited by the contract but the judgment

or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives or successors, as the case may be, may, from time to time, commence a new action within one (1) year after the nonsuit, dismissal without prejudice, reversal or arrest.

Tenn.Code Ann. § 28–1–105(b) (Supp.1992). The trial court agreed with Kee that the amendment saved the action, and denied Shelter's motion. Shelter was granted an interlocutory appeal, however, and the Court of Appeals reversed the trial court, concluding that applying the amendment retroactively to contracts executed before its effective date would violate Article I, Section 20 of the Tennessee Constitution, which provides "that no retrospective law, or law impairing the obligation of contracts, shall be made." We then granted Kee's application for permission to appeal.

## RETROSPECTIVE APPLICATION

The original Savings Statute that was in effect when the homeowner's insurance contract was executed, and when the fire loss occurred, provided:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn.Code Ann. § 28–1–105(a) (1980). Prior decisions of the courts of this state had specifically held that a contractual provision limiting the time in which a suit could be brought was not extended by this statutory language. *Guthrie v. Connecticut Indemnity Ass'n*, 101 Tenn. 643, 49 S.W. 829 (1899); *Schultz v. Hartford Mut. Ins. Co.*, 776 S.W.2d 76 (Tenn.App.1987).

In *Guthrie*, the life insurance contract required suit to be filed within one year of the loss. The plaintiff filed suit within the year, but it was dismissed for insufficient service of process. A second suit was instituted within one year of the first suit, but more than one year after the loss. This Court found the Savings Statute to be inapplicable to the contractual limitation provision and affirmed the trial court's dismissal, stating:

> [W]e are of the opinion that the statute is wholly inapplicable in the present instance. It clearly refers to statutory, and not to contractual, limitations.

*Guthrie*, 101 Tenn. at 648–49, 49 S.W. at 830.

More recently, the Court of Appeals, in *Schultz v. Harford Mut. Ins. Co.*, 776 S.W.2d 76 (Tenn.App.1987), relied on *Guthrie* when it held that a fire insurance contract limitation provision is only satisfied if the action for the loss, which is commenced within the twelve months, is the action subsequently prosecuted to judgment. *Schultz*, 776 S.W.2d at 78.

Despite the state of the law both at the time the parties executed this contract and at the time the loss occurred, Kee argues that the 1989 amendment to the Savings Statute applies because it is remedial and procedural, and as such, may be retrospectively applied to causes of action arising before its passage and to suits pending when the legislation takes effect. Shelter contends, however, that the legislature did not intend for the amendment to apply to contractual relationships already in existence at the time the amendment was adopted, nor does the Tennessee Constitution allow such application.

■ Generally statutes are presumed to operate prospectively and not retroactively. *Woods v. TRW, Inc.*, 557 S.W.2d 274, 275 (Tenn.1977); *Cates v. T.I.M.E., DC, Inc.*, 513 S.W.2d 508, 510 (Tenn.1974). An exception exists, however, for statutes which are remedial or procedural in nature. Such statutes apply retrospectively, not only to causes of action arising before such acts become law, but also to all suits pending when the legislation takes effect, unless the legislature indicates a contrary intention or immediate application would produce an unjust result. *Saylors v. Riggsbee*, 544 S.W.2d 609, 610 (Tenn.1976). The exception is also limited by the principle that retrospective application of a remedial or procedural statute is constitutionally forbidden if it takes away a vested right or impairs contractual obligations. *Id.; see also Mid–South Milling Co., Inc. v. Loret Farms, Inc.*, 521 S.W.2d 586 (Tenn.1975).

Since we have stated that the Savings Statute is remedial and is to be liberally construed, *Woods v. Palmer*, 496 S.W.2d 474, 475 (Tenn.1973); *Morford v. Yong Kyun Cho*, 732 S.W.2d 617, 619 (Tenn.App. 1987), we must now determine whether retrospectively applying the 1989 amendment takes away a vested right or impairs the obligation of contract.

■ At the time that the contract at issue here was executed, Kee was contractually required to bring suit within one year after denial of the claim. Under the existing Tennessee court decisions, the Savings Statute did not apply to such a contractual limitation provision. It is well established that the laws affecting enforcement of a contract, and existing at the time and place of its execution, enter into and form a part of the contract. *Robbins v. Life Ins. Co. of Virginia*, 169 Tenn. 507, 89 S.W.2d 340 (1936); *Lunati v. Progressive Bldg. & Loan Ass'n*, 167 Tenn. 161, 67 S.W.2d 148 (1934); *Webster v. Rose*, 53 Tenn. 93 (1871); *Cary v. Cary*, 675 S.W.2d 491 (Tenn.App.1984). In *Webster*, for example, we observed:

> Those laws which in any manner affect the contract, whether its construction, the mode of discharging it, or which control the obligation which the contract imposes, are essentially incorporated with the contract itself....

*Webster*, 53 Tenn at 100. Consequently, when we defined the phrase "obligation of contract," we said:

> [T]he legal obligation of contracts—that is, the legal means of enforcing them, which constituted their legal obligation, or the legal obligement by which they were enforced—should not be impaired or weakened, or rendered less effective,

than when the contract was entered into and the obligation imposed or taken upon the party. . . .

*Webster*, 53 Tenn. at 98. In *Hermitage Loan Co. v. Daykin*, 165 Tenn. 503, 56 S.W.2d 164 (1933), this Court, applying the rule that remedies "must not be rendered less efficacious or more dilatory than those ordained by the law in being when the contract was made," refused to apply a statute declaring confession-of-judgment provisions void to notes executed prior to the statute's enactment.

In a more recent case, this Court considered the question of whether a statutory amendment limiting coverage of uninsured motorist policies to compensatory damages only, applied in a case where the accident occurred more than a year before the amendment was passed, but the verdict awarding punitive damages was rendered nearly a year thereafter. *Crimson v. Curtiss*, 785 S.W.2d 353 (Tenn.1990). There, we held that retrospective application of the amendment would "impair the accrued contractual rights of the insured" under the policy, *id.* at 354, because the claims of the insured against both the uninsured tort-feasor and the uninsured motorist carrier accrued on the date of the accident, and at that time, under a prior holding of this Court,[2] the terms of the policy covered punitive as well as compensatory damages.

■ In the present case, the loss occurred, and therefore the contractual right accrued, nearly one year before the statutory amendment was adopted. At the time the insurance contract was executed and at the time of loss, the law of this state, as incorporated into the contract, required that the suit commenced within the contractually limited time be the suit prosecuted to judgment. The amendment, if applied retrospectively, negates that requirement and allows the policyholder to extend his cause of action, despite the fact that he failed to comply with the contractual obligation. Clearly, retrospective application of the amendment would impair the accrued contractual rights of the insuror. Accordingly, we conclude that where the

contract was already executed and the contractual right accrued before the amendment's effective date, retrospectively applying the 1989 amendment impairs the obligation of contract and violates Article I, Section 20 of the Tennessee Constitution. As we stated in *Webster v. Rose, supra:*

> If the Legislature can enlarge the time one day in which the party is to perform what the legal obligation of his contract requires at the time it is entered into, it may do it for a hundred days; and if for this period, then it may equally well do it for a hundred years. There can be no difference in principle in the one case from that of the other; and thus the legal obligation is not only impaired, but practically destroyed. Can this tremendous power be fairly held to lurk within the principle of legislative power over the remedy for enforcement of a contract? We think not.

53 Tenn. at 102–03.

Our conclusion comports with authority from other states. In *Farmers Co-operative Creamery Co. v. Iowa State Ins. Co.*, 84 N.W. 904 (Iowa 1900), the fire insurance policy contained a six-month contractual limitation period. A fire loss occurred, and suit was filed after the six-months period. After the date of the fire loss, an Iowa statute was enacted prohibiting contractual limitation provisions of less than one year. The Iowa Supreme Court recognized that statutes of limitations are remedial, but held that contractual limitation provisions that affect the right cannot be changed by the legislature if the contract was executed and the right vested, by reason of the destruction of the property, before the statute took effect. *Id.* at 904–05; *see also Smith & Marsh v. Northern Neck Mut. Fire Ass'n of Virginia*, 112 Va. 192, 70 S.E. 482 (1911) (a statute voiding contractual time limitations of less than one year was applied to an existing contract where the loss did not occur, and therefore the contractual right did not accrue, until more than one year after the passage of the Act); *see also* Annotation, *Application to*

---

2. *Mullins v. Miller*, 683 S.W.2d 669 (Tenn.1984).

*Period of Limitations Fixed by Contract, of Statute Permitting New Action to be Brought Within Specified Time After Failure of Prior Action for Cause Other Than on the Merits,* 16 A.L.R.3d 452, 455 (1967).

Accordingly, we conclude that the 1989 amendment to the Savings Statute may not be applied here, because the contract was executed and the contractual right accrued before the effective date of the statutory amendment. The decision of the Court of Appeals granting Shelter's motion to dismiss is affirmed. The costs of this appeal are taxed to the plaintiff-appellant, Roger Kee.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ.