| | | |
|---|---|---|
| SUSAN MANQUELLA ADAMS, | ) | Davidson Circuit |
| | ) | No. 96D-1679 |
| Plaintiff/Counter-Defendant/ | ) | |
| Appellant, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| EARNIE BRYAN ADAMS, | ) | Appeal No. |
| | ) | 01A01-9711-CV-00626 |
| Defendant/Counter-Plaintiff/ | ) | |
| Appellee. | ) | |

F  I  L  E  D

October 16, 1998

Cecil W. Crowson
Appellate Court
Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
### AT NASHVILLE

### APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE MURIEL ROBINSON, JUDGE

Randle W. Hill, Jr., #12113
329 Union Street
P.O. Box 190632
Nashville, Tennessee 37219-0632
ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT/APPELLANT

Robert L. Jackson, #2486
ROBERT L. JACKSON & ASSOCIATES
214 Second Avenue, North
Suite 103
Nashville, Tennessee 37201
ATTORNEY FOR DEFENDANT/COUNTER-PLAINTIFF/APPELLEE,

### MODIFIED, AFFIRMED AND REMANDED.

HENRY F. TODD, JUDGE

CONCURS:
BEN H. CANTRELL, PRESIDING JUDGE, M.S.
WILLIAM C. KOCH, JR., JUDGE

| SUSAN MANQUELLA ADAMS, | ) | Davidson Circuit |
| | ) | No. 96D-1679 |
| Plaintiff/Counter-Defendant/ | ) | |
| Appellant, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| EARNIE BRYAN ADAMS, | ) | Appeal No. |
| | ) | 01A01-9711-CV-00626 |
| Defendant/Counter-Plaintiff/ | ) | |
| Appellee. | ) | |

# O P I N I O N

Susan Manquella Adams, hereafter referred to as the wife, has appealed from the judgment of the Trial Court declaring her and her husband, Earnie Bryan Adams, to be divorced, awarding joint custody of two children with alternating physical custody in each parent, and providing for child support and other incidentals.

The parties were married in California on September 10, 1989, where the wife was employed by General Motors Acceptance Corporation, and the husband was a motorcycle jump performer. A child was born in 1990. In 1991, the parties moved to Tennessee where the wife found employment with Toyota Credit Co., and the husband continued his efforts to become a motorcycle jumping star. A second child was born in 1993. In March 31, 1996, the wife moved out of their apartment leaving the children with the husband. The parties continued to occupy separate apartments in the same apartment complex, both before and after the divorce, so that the changes in physical custody did not affect the schooling or social contacts of the children.

On June 7, 1996, the wife sued for divorce on grounds of irreconcilable differences and inappropriate marital conduct. On August 23, 1996, the husband counterclaimed on the same grounds.

The judgment of the Trial Court contains the following provisions:

> The Court does have concerns about the children's
> residence being relocated to another state sincew the children

have lived most of their lives in Davidson County and the children are thriving here and in consideration of all the proof, the Court finds as hereinafter provided:

It is further ORDERED, ADJUDGED, AND DECREED by the Court that the children shall remain in Davidson County, Tennessee.

It is further ORDERED, ADJUDGED, and DECREED by the Court that in the event Mrs. Adams is not happy residing in Davidson County and she wishes to remove her residence, she may do so, but the children shall remain in Davidson County, Tennessee. Should Mrs. Adams choose to remove her residence to another county or state, then her custodial period would be the months of June, July and August of each year, it being the intention of this Court that the children shall remain in Davidson County during the school year should Mrs. Adams move to another location.

The only issue raised by the appellant wife is:

Whether the trial court erred in awarding the parties joint custody of the minor children and prohibiting the wife from taking the children to California, instead of awarding her exclusive custody, and allowing her to move with the children.

The husband presents the following issues:

1. Whether the trial court's awarded of joint legal and split physical custody and whether the alternative custody arrangements, if the mother/appellant chose to leave Davidson County, Tennessee, should be affirmed because a preponderance of the evidence shows that said judgment was in the children's best interest.

2. Whether the Appellant's appeal of the Trial Court's ruling is frivolous.

The wife argues that the quoted ruling of the Trial Court forces her to choose between equal time of custody of the children and living where she wants to live in California with her family.

On May 7, 1998, Chapter 910 Public Acts of 1998, became effective as T.C.A. § 36-6-108. Said section contains the following pertinent provisions:

**36-6-108. Parental relocation**. - (a) If a parent who is spending intervals of time with a child desires to relocate outside the state or more than one hundred (100) miles from the other parent within the state, the relocating parent shall send a notice to the other parent at the other parent's last known address by registered or certified mail. Unless excused by the court for exigent circumstances, the notice shall be mailed not later than sixty (60) days prior to the move. The notice shall contain the following:

(1)    Statement of intent to move;

(2)    Location of proposed new residence;

(3)    Reasons for proposed relocation; and

(4)    Statement that the other parent may file a petition in opposition to the move within thirty (30) days of receipt of the notice.

- - - -

(c )    If the parents are actually spending substantially equal intervals of time with the child and the relocating parent seeks to move with the child, the other parent may, within thirty (30) days of receipt of notice, file a petition in opposition to removal of the child. No presumption in favor of or against the request to relocate with the child shall arise. The court shall determine whether or not to permit relocation of the child based upon the best interests of the child. The court shall consider all relevant factors including the following where applicable:

- - - -

(2)    Whether the primary residential parent, once out of the jurisdiction, is likely to comply with any new visitation arrangement;

(3)    The love, affection and emotional ties existing between the parents and child;

- - - -

(5)    The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment.

The husband argues that the quoted legislation applies to post-divorce proceedings and is not applicable to the judgment in the present case which was entered before enactment of the legislation.

Remedial statues may not be applied retrospectively if they impair vested rights. *Shell v. State*, Tenn. 1995, 893 S.W.2d 416. *State Department of Human Services v. Defriece*, Tenn. App. 1996, 937 S.W.2d 954.

Statutes which are remedial, procedural or interpretive, declaring the public policy of the state and not impairing any vested right do apply retrospectively unless they expressly provide otherwise or the retroactive application would produce an unjust result. *Kee v. Shelter Ins. Co.,* Tenn. 1993, 852 S.W.2d 226; *Pacific Eastern Corp. v. Gulf Life Holding Co.*, Tenn. App. 1995, 902 S.W.2d 946.

This Court has determined that the quoted 1998 legislation is remedial, procedural and interpretive; that it does not impair any vested right; that it contains no prohibition of retrospective application; and that it declares the public policy of the State as to its subject matter and should apply to the present appeal.

Accordingly, the above quoted portions of the judgment of the Trial Court are vacated. In all other respects, the judgment is affirmed. If either party desires to remove either or both of the children out of the State or for a distance of 100 miles from their present domicile, such party may seek permission to do so under the provisions of T.C.A. § 36-6-108.

The foregoing disposes of the issue presented by the wife.

The evidence does not preponderate against the award of joint custody with alternate physical custody under the conditions above stated. As stated above, this portion of the judgment is affirmed. Modification of custody remains within the control of the Trial Court. Removal of the children out of the State or for a distance of 100 miles is controlled by T.C.A. § 36-6-106.

This disposes of the husband's first issue.

In response to the husband's second issue, this Court finds that the appeal is not frivolous.

Costs of this appeal are taxed equally.  That is, each party shall pay one-half of said costs.

The cause is remanded for further proceedings.

## MODIFIED, AFFIRMED AND REMANDED.

_____
HENRY F. TODD, JUDGE

CONCUR:

_____
BEN H. CANTRELL, P.J., M.S.

_____
WILLIAM C. KOCH, JR., JUDGE