IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 1, 2017

## IN RE NEVAEH B.

**Appeal from the Juvenile Court for Chester County**
**No. 2015-JV-1323   Van McMahan, Judge**

_____

**No. W2016-01769-COA-R3-PT**

_____

This is a termination of parental rights case.  The trial court terminated Appellant's parental rights to the minor child by order of July 15, 2016.  Appellant filed a timely notice of appeal. However, Appellant failed to comply with Tennessee Code Annotated § 36-1-124(d) (Supp. 2016) in that she failed to sign the notice of appeal. Because this Court lacks subject-matter jurisdiction, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, J., joined. FRANK G. CLEMENT, JR., P.J., M.S., filed a dissenting opinion.

William Johnson Milam, Jackson, Tennessee, for the appellant, Makayla B.

Lanis L. Karnes, Jackson, Tennessee, for the appellees, James G. and Missy G.

## OPINION

In March of 2013, Nevaeh B. was born to Appellant Makayla B.[1]  During most of Nevaeh B.'s life, Appellant has been incarcerated.  The child has been in the physical and legal custody of her paternal aunt and uncle, Appellees, since February 27, 2014.  On February 17, 2015, Appellees filed a petition to terminate Appellant's parental rights. Appellant filed her answer on April 21, 2015, wherein she denied the material allegations made in the petition.  On March 9, 2016, the trial court heard the petition to terminate Appellant's parental rights.  By order of July 16, 2016, the trial court terminated

_____

[1] In cases involving minor children, it is the policy of this Court to redact the parties' names so as to protect their identities.

Appellant's parental rights on the grounds of abandonment, failure to substantially comply with the reasonable requirements of the permanency plan, and persistence of the conditions that led to the child's removal from Appellant's custody. The trial court also found that termination of Appellant's parental rights was in Nevaeh B.'s best interest. Appellant filed a timely notice of appeal on August 12, 2016.

On February 6, 2017, Appellees filed a motion, in this Court, to dismiss the appeal. As grounds, Appellees averred that Appellant had failed to comply with Tennessee Rule of Civil Procedure 24 by failing to file a transcript or statement of the evidence, and that Appellant had failed to sign her notice of appeal as required under Tennessee Code Annotated Section 36-1-124(d). By order of February 7, 2017, this Court granted Appellant additional time to comply with Rule 24. As to Appellees' argument concerning Appellant's failure to sign the notice of appeal, this Court denied Appellees' motion to dismiss the appeal "without prejudice to their ability to raise the issue in their brief." Appellees' brief raises the issue of "[w]hether the appeal should be dismissed in its entirety, with prejudice, due to the Notice of Appeal not being signed by the Appellant herself pursuant to T.C.A. § 36-1-124(d)." Accordingly, before addressing any of the substantive issues, we will first address the question of whether Appellant's notice of appeal is sufficient to confer jurisdiction on this Court.

Effective July 1, 2016, the Tennessee Legislature amended Tennessee Code Annotated § 36-1-124 to add subsection (d), which states: "Any notice of appeal filed in a termination of parental rights action shall be signed by the appellant." Inasmuch as the amended statute is procedural in nature, this Court determined that the amendment to Tennessee Code Annotated § 36-1-124(d) should be applied retrospectively to all termination of parental rights actions "'pending when the legislation [took] effect'" on July 1, 2016. *In re Gabrielle W*., No. E2016-02064-COA-R3-PT, 2017 WL 2954684, at *4 n.5 (Tenn. Ct. App. July 11, 2017) (quoting *Kee v. Shelter Ins*., 852 S.W.2d 226, 228 (Tenn. 1993)). Accordingly, the requirements of Tennessee Code Annotated Section 36-1-124(d) are applicable to the case at bar.

In *In re Gabrielle W.*, this Court held, as a matter of first impression, that an appellant's failure to sign the notice of appeal in compliance with Tennessee Code Annotated § 36-1-124(d) "is a jurisdictional default, and the appeal must be dismissed." *In re Gabrielle W*., No. E2016-02064-COA-R3-PT, 2017 WL 2954684, at *4 (Tenn. Ct. App. July 11, 2017). After analyzing several out-of-state cases considering similar statutes, the *Gabrielle W.* Court explained:

> In these cases, dealing with termination of parental rights, the courts strictly followed the language of the statutes and rules. This state's statute is just as unforgiving. Neither in the Tennessee Code Annotated nor in the Tennessee Rules of Appellate Procedure is there a safety valve or means of waiver for the requirement of the appellant's signature. Therefore, based on

- 2 -

the language of the statute, the absence of [the appellant's] signature on the notice of appeal is a jurisdictional default, and the appeal must be dismissed.

*Id.* (footnote omitted). Relying on the reasoning in ***Gabrielle W.***, in subsequent cases, this Court has strictly interpreted Tennessee Code Annotated Section 36-1-124(d) to require dismissal of termination of parental rights appeals, for lack of subject-matter jurisdiction, when the appellant has not signed the notice of appeal. *See **In re Catherine J.***, No. W2017-00491-COA-R3-PT, 2017 WL 3141825 (Tenn. Ct. App. July 24, 2017); ***In re Mya V.***, No. M2016-02401-COA-R3-PT, 2017 WL 3209181 (Tenn. Ct. App. July 28, 2017).

Here, Appellant filed a timely notice of appeal, which was signed by her attorney. However, the notice of appeal was not signed by Appellant. In view of the foregoing authority and the Legislature's use of the mandatory language, "shall be signed by the appellant," in Tennessee Code Annotated Section 36-1-124(d), the lack of Appellant's signature on her notice of appeal is fatal. In the absence of full compliance with the statutory requirements, this Court does not have subject-matter jurisdiction over the appeal. Accordingly, the appeal is dismissed.

For the foregoing reasons, we dismiss the appeal with prejudice for lack of subject-matter jurisdiction. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Makayla B. Because Makayla B. is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE