IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






NOS. AP-76,891 & AP-76,892






Ex parte ANDREW KELLY ARGENT






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

FROM LIBERTY COUNTY





 Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Meyers, Price,
Keasler, Hervey, Cochran, and Alcala JJ., joined. Johnson, J., filed a dissenting opinion.



 Last year, the Supreme Court addressed the Sixth-Amendment standard for determining
prejudice in cases of ineffective assistance of counsel during the plea-bargaining process. See
Missouri v. Frye (1) and Lafler v. Cooper. (2) The effect of those decisions is the issue presented by
the habeas-corpus applications that are now before us.

I

 After rejecting a plea bargain of eight years imprisonment, the applicant pleaded guilty in
open court and was convicted of aggravated sexual assault and indecency with a child by
contact. (3) The judge assessed punishment of twenty years' confinement for each charge, to run
concurrently.

 The applicant filed two applications for writs of habeas corpus alleging that
constitutionally ineffective assistance of counsel caused him to reject the State's plea-bargain
offer. The judge of the convicting court found that trial counsel incorrectly told the applicant that
he was eligible for judge-ordered community supervision and shock probation, when, under the
statutes, only a jury's verdict recommending probation could result in shock probation and the
judge could order only deferred adjudication. (4) The applicant contends that, had he known this, he
would have accepted the State's offer of eight years.

 We must determine the correct standard for granting habeas-corpus relief for ineffective
assistance of counsel in plea bargaining.

II

 "There is no doubt that an accused is entitled to effective assistance of counsel during the
plea bargaining process." (5) Before the Supreme Court announced a standard for prejudice when
defendants were not informed of plea-bargain offers, or rejected them because of bad legal
advice, this court created a standard in Ex parte Lemke. (6) We held that, when an applicant
received ineffective assistance of counsel during plea negotiations, he was "prejudiced [simply]
by the missed opportunity of accepting such bargain and presenting it to the trial court for
consideration." (7) After examining the holdings of other jurisdictions, we concluded that the
applicant did not need to show the trial court would have actually accepted the plea agreement. (8)
We noted that a California court had suggested that a defendant may be required to prove as
much, but we dismissed this, commenting that "we do not view after-the-fact speculation into
whether or not the trial court would have granted the plea bargain as particularly meaningful." (9)

 Twelve years later, the Supreme Court, in Frye and Lafler, chose to adopt the standard for
prejudice that we had earlier dismissed:

 To show prejudice from ineffective assistance of counsel where a plea offer has ... been
rejected because of counsel's deficient performance, defendants must demonstrate a
reasonable probability they would have accepted the earlier plea offer had they been
afforded effective assistance of counsel. Defendants must also demonstrate a reasonable
probability the plea would have been entered without the prosecution canceling it or the
trial court refusing to accept it . To establish prejudice in this instance, it is necessary
to show a reasonable probability that the end result of the criminal process would have
been more favorable by reason of a plea to a lesser charge or a sentence of less prison
time. (10)

This standard demands more from applicants seeking to demonstrate that they received
ineffective assistance of counsel.

 In light of these decisions, may we still adhere to the standard we set in Lemke, or are we
bound by the more demanding standard that the Supreme Court announced in Frye and Lafler?

III

 It is well established that states are "entirely free to effectuate under their own law stricter
standards than those [the Supreme Court has] laid down and to apply those standards in a broader
range of cases than is required by" federal law. (11) In fact, Frye itself stated that it "established
[only] the minimum requirements of the Sixth Amendment as interpreted in Strickland and [that]
States have the discretion to add procedural protections under state law if they choose." (12) If our
holding in Lemke had been based on state law, then, there would be no problem with our lower
threshold for establishing prejudice. But, in the context of ineffective assistance of counsel
claims, our state constitution usually does not supply any more protections than its federal
counterpart, and it may supply less. (13)

 Also, this court held more than twenty years ago that habeas corpus could not be used
after conviction to bring claims based on at least some provisions of the Texas Constitution.

 In Ex parte Truong, 770 S.W.2d 810 (Tex. Cr. App. 1989), we essentially held
that an allegation of error which, though of state constitutional dimension, is
nevertheless subject to a harm analysis under Tex. R. App. P. 81(b)(2), "is at best
voidable, and as such is not subject to a collateral attack by writ of habeas
corpus." Id., at 813. In Mallory v. State, 752 S.W.2d 566 (Tex. Cr. App. 1988),
we held in no uncertain terms that error in admitting videotaped testimony under
Article 38.071, § 2 [of the Code of Criminal Procedure] is subject to a harm
analysis under Rule 81(b)(2). Consonant with our holding in Ex parte Truong,
supra, we now hold applicant's claims, insofar as they depend upon Art. I, §§ 10
and 19 of the Texas Constitution, are not cognizable in a postconviction writ of
habeas corpus brought pursuant to Article 11.07, supra. (14)

 Consequently, our habeas-corpus decisions on the subject of ineffective assistance of
counsel have long been limited to our interpretation of federal constitutional law. (15) Our holding
in Lemke should be read as an interpretation of only federal law. 

 While we have authority to interpret state law, we "may not impose such greater
restrictions as a matter of federal constitutional law when [the Supreme] Court specifically
refrains from imposing them." (16) Such restrictions would be contrary to the Supremacy Clause of
the United States Constitution. (17) In short, when a state court chooses to address the merits of a
federal claim, its decision to grant or deny relief must accord with federal law. (18) Thus, to the
extent that Lemke is inconsistent with Frye and Lafler, we have no choice but to overrule it. (19)

IV


 We hold that to establish prejudice in a claim of ineffective assistance of counsel in
which a defendant is not made aware of a plea-bargain offer, or rejects a plea-bargain because of
bad legal advice, the applicant must show a reasonable probability that: (1) he would have
accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution
would not have withdrawn the offer; and (3) the trial court would not have refused to accept the
plea bargain.

 We remand this case to the habeas court so that it may make findings consistent with this
opinion.


Delivered: March 20, 2013.

Publish.
1. 132 S. Ct. 1399, 182 L.Ed.2d 379 (2012). 
2. 132 S. Ct. 1376, 182 L.Ed.2d 398 (2012). 
3. See Tex. Penal Code §§ 21.11& 22.021.
4. See Tex. Code Crim. Proc. art 42.12 §§ 3g & 5. 
5. Ex parte Wilson, 724 S.W.2d 72, 73 (Tex. Cr. App. 1987) (citing Hill v. Lockhart, 474 U.S. 52 (1985)).
6. 13 S.W.3d 791, 796 (Tex. Cr. App. 2000).
7. Id. There is nothing in Lemke or any of its supporting authority to indicate that our standard originated
under Texas law; instead, it seems that Lemke was this Court's best prediction of what the federal constitutional
standard for prejudice would be.
8. Id., at 796-97. 
9. Id., at 797 n. 6.
10. Frye, 132 S. Ct., at 1409 (emphasis added); see also Lafler 132 S. Ct. 1376. 
11. Danforth v. Minnesota, 552 U.S. 264, 277 (2008) (emphasis added); Johnson v. New Jersey, 384 U.S.
719, 733 (1966).
12. Frye, 132 S. Ct., at 1411.
13. Hernandez v. State, 988 S.W.2d 770, 772-73 (Tex. Cr. App. 1999). 
14. Ex parte Dutchover, 776 S.W.2d 76, 77 (Tex. Cr. App. 1989).
15. See id., at 771 ("To the extent [our caselaw]... is inconsistent with Strickland on matters of federal
constitutional law, we have no choice but to overrule it as we are obligated to follow United States Supreme Court
precedent on matters of federal constitutional law."). 
16. Arkansas v. Sullivan, 532 U.S. 769, 772 (1988).
17. Hernandez, 988 S.W.2d, at 772 (citing Guzman v. State, 959 S.W.2d 631, 633 (Tex. Cr. App. 1998)). 
18. Yates v. Aiken, 484 U.S. 211, 218 (1988); Sullivan, 532 U.S., at 772.
19. It is worth noting that this change should not substantially affect the outcome of most cases. "It can be
assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea
bargains and sentences. So in most instances it should not be difficult to make an objective assessment as to whether
or not a particular fact or intervening circumstance would suffice, in the normal course, to cause a prosecutorial
withdrawal or judicial nonapproval of a plea bargain." Frye, 132 S. Ct. at 1410.