IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## MORRIS SLUTSKY, ET UX v. CITY OF CHATTANOOGA

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 97C2663     W. Neil Thomas, III, Judge**

-------

**No. E1999-00196-COA-R3-CV - Decided June 30, 2000**

-------

This case arose out of a two-vehicle accident involving an automobile owned by the City of Chattanooga ("the City"). The plaintiffs sued the City for damages arising out of that accident. Process was also served on the plaintiffs' uninsured motorist carrier. The claim against the latter seeks to recover the portion of the plaintiffs' damages that exceed the City's limit of liability under the Governmental Tort Liability Act ("the GTLA"). The trial court granted the insurance company's motion to dismiss, holding that the plaintiffs' suit did not implicate their uninsured motorist coverage. The plaintiffs appeal, arguing that they are entitled to recover under the uninsured motorist coverage of their automobile insurance policy. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

SUSANO, J., delivered the opinion of the court, in which GODDARD, P.J., and FRANKS, J., joined.

Marvin Berke, Chattanooga, Tennessee, for the appellants, Morris Slutsky and Anetha Slutsky.

Michael A. McMahan, Chattanooga, Tennessee, for the appellee, City of Chattanooga.

Daniel M. Gass, Knoxville, Tennessee, for the appellee, St. Paul Guardian Insurance Company.

**OPINION**

I.

The plaintiffs, Morris Slutsky and Anetha Slutsky, were injured when their vehicle was struck head-on by a police vehicle owned by the City. The trial court awarded each plaintiff a judgment for $130,000 against the City, in accordance with the limit of liability set forth in the

GTLA.[1]  The plaintiffs seek to recover additional amounts under the uninsured motorist coverage of their automobile insurance policy.  That policy was issued by St. Paul Guardian Insurance Company ("the insurance company").[2]  The trial court granted the insurance company's motion to dismiss, finding that, pursuant to the uninsured motorist statutes in effect at the time of the accident[3], the insurance company was not liable for damages in excess of the City's limited liability under the GTLA.  The court further determined that the application of amendments to the uninsured motorist statutes -- amendments that became effective after the accident -- to the facts of this case would unconstitutionally impair the insurance company's vested contractual rights.  The plaintiffs appeal, arguing (1) that the amendments should apply retrospectively so as to permit them to recover under their uninsured motorist coverage and (2) that even if those amendments do not apply, the plaintiffs are entitled to recover under their uninsured motorist coverage pursuant to the statutes in effect at the time of the accident.

II.

The subject accident occurred on October 28, 1997.  At that time, T.C.A. § 56-7-1201(d) provided as follows:

> The limit of liability for an insurer providing uninsured motorist coverage under this section is the amount of that coverage as specified in the policy less the sum of the limits collectible under all liability and/or primary uninsured motorist insurance policies, bonds, and securities applicable to the bodily injury or death of the insured.

On the same date, T.C.A. § 56-7-1202 provided that a vehicle owned by a governmental entity was not an "uninsured motor vehicle" for the purposes of uninsured motorist coverage.  As pertinent here, the then-existing version of T.C.A. § 56-7-1202 provided as follows:

> (a) For the purpose of [uninsured motorist] coverage, "uninsured motor vehicle" means a motor vehicle whose ownership, maintenance, or use has resulted in the bodily injury, death, or damage to property of an insured, and for which the sum of the limits of liability available to the insured under all valid and collectible insurance policies, bonds, and securities applicable to the bodily injury, death, or damage to property is less than the applicable limits of uninsured motorist coverage provided to the insured under the policy against which the claim is made.

---

[1]*See* T.C.A. § 29-20-311 (1980); T.C.A. § 29-20-403(b)(2)(A) (Supp. 1999).

[2]The plaintiffs' uninsured motorist coverage had a single limit of $1,000,000 per occurrence.

[3]T.C.A §§ 56-7-1201 and 56-7-1202 (1994).

*(b) "Uninsured motor vehicle" does not include a motor vehicle:*

\* \* \*

*(4) Owned by any governmental unit, political subdivision or agency thereof....*

(Emphasis added).

In 1999, the Legislature passed Chapter 196 of the Public Acts of 1999, which amended T.C.A. §§ 56-7-1201 and 56-7-1202. T.C.A. § 56-7-1201(d), as amended, includes the following provision:

> With regard to a claim against a governmental unit, political subdivision or agency thereof, the limitations of liability established under applicable law shall be considered as limits collectible under a liability insurance policy.

Chapter 196 also repealed T.C.A. § 56-7-1202(b)(4), which, as previously indicated, had excluded a vehicle owned by a governmental entity from the definition of "uninsured motor vehicle." Finally, subsection (c) was added to T.C.A. § 56-7-1202 and provides as follows:

> (c) Notwithstanding any other provision of law, the applicable limits of liability for a governmental unit, political subdivision or agency thereof for claims arising out of the operation of a motor vehicle shall be considered as liability coverage available under a valid and collectible insurance policy.

The trial court in the instant case found that under the law in effect at the time of the subject accident, the plaintiffs were not entitled to recover under their uninsured motorist coverage. The court further concluded that retrospective application of the pertinent amendments would impair the insurance company's vested rights under the insurance contract. It therefore granted the insurance company's motion to dismiss. This appeal followed.

III.

The 1999 amendments to T.C.A. §§ 56-7-1201 and 56-7-1202 became effective after the date of the subject accident. The plaintiffs argue that these amendments should apply retrospectively, thereby enabling the plaintiffs to recover under their uninsured motorist coverage for amounts in excess of the liability limit imposed by the GTLA. We disagree.

Although statutes are presumed to operate prospectively, *State Dep't of Human Services v. Defriece,* 937 S.W.2d 954, 957 (Tenn. Ct. App. 1996), statutes that are remedial or procedural in nature may be retrospectively applied. *Nutt v. Champion Int'l Corp.,* 980 S.W.2d 365, 368 (Tenn.

-3-

1998); ***Saylors v. Riggsbee,*** 544 S.W.2d 609, 610 (Tenn. 1976). A procedural statute defines the manner by which a party may enforce a legal right. ***Doe v. Sundquist,*** 2 S.W.3d 919, 923 (Tenn. 1999). A remedial statute "provides the means by which a cause of action may be effectuated, wrongs addressed, and relief obtained." ***Id.*** A statute that creates a new right of recovery, however, is not considered remedial in nature. ***Shell v. State,*** 893 S.W.2d 416, 420 (Tenn. 1995).

If a remedial or procedural statute impairs a vested right or contractual obligation, retrospective application of that statute is constitutionally impermissible. ***Kee v. Shelter Ins.,*** 852 S.W.2d 226, 228 (Tenn. 1993). The primary authority is found at Article I, Section 20, of the Tennessee Constitution, which provides that "no retrospective law, or law impairing the obligations of contracts, shall be made." The Supreme Court has construed Article I, Section 20 as prohibiting laws "which take away or impair vested rights acquired under existing laws or create a new obligation, impose a new duty, or attach a new disability in respect of transactions or considerations already passed." ***Doe,*** 2 S.W.3d at 923 (quoting ***Morris v. Gross,*** 572 S.W.2d 902, 907 (Tenn. 1978)).

The rights of parties to a contract of automobile insurance accrue "on the date of the accident." ***Crismon v. Curtiss,*** 785 S.W.2d 353, 354 (Tenn. 1990). To retrospectively apply a statutory amendment that impairs these vested contractual rights would violate Article I, Section 20 of the Tennessee Constitution. *See* ***Kee,*** 852 S.W.2d at 229 (holding amendment to Savings Statute could not be retrospectively applied); ***Crismon,*** 785 S.W.2d at 354-55 (holding amendment to uninsured motorist statute limiting kinds of damages recoverable could not be retrospectively applied).

IV.

In the instant case, the application of the amendments to the facts of this case would have the effect of broadening the insurance company's liability beyond that as it existed on the date of the accident. On the date of the accident, the insurance company was not liable, under its uninsured motorist coverage, for any portion of the damages that exceeded the City's limited liability of $130,000. After the subject amendments, and assuming, for the purpose of discussion, their applicability to the facts of this case, the insurance company's liability for uninsured motorist coverage would extend to damages in excess of the City's statutory liability. This analysis requires that we find that the application of the 1999 amendments to the subject accident would impermissibly impair the insurance company's vested contractual rights that accrued as of October 28, 1997, the date of the accident, in violation of Article I, Section 20, of the Tennessee Constitution. Therefore, we must apply the law that was in effect on the date of the plaintiffs' accident.

As an alternative argument, the plaintiffs contend that at the time of the accident, T.C.A. §§ 56-7-1201 and 56-7-1202 permitted recovery under the uninsured motorist coverage of amounts above the limit imposed by the GTLA. The crux of the plaintiffs' argument is that although T.C.A. § 56-7-1202(b)(4) excludes a government vehicle from the definition of an "uninsured motor vehicle," this provision only applies to an *uninsured* vehicle and not to an *underinsured* vehicle.

-4-

Hence, so the argument goes, T.C.A. § 56-7-1202(b)(4) does not apply because this case involves a claim for *underinsured* motorist coverage.

We addressed a similar argument in ***Hempy v. City of Chattanooga Parks & Recreation,*** C/A No. 03A01-9412-CV-00435, 1995 WL 309986 (Tenn. Ct. App. E.S., filed May 22, 1995), a case involving nearly identical facts. In ***Hempy,*** the plaintiff was injured in an accident involving a truck owned by the City of Chattanooga. The plaintiff sought to recover under her uninsured motorist coverage for damages she incurred in excess of the $130,000 statutory limit. We affirmed a grant of summary judgment to the insurance company, rejecting the same argument being advanced in the instant case:

> The statute provides no judgment in excess of $130,000 could be entered against the City of Chattanooga in this case, and the city was "self-insured" for that amount. *See* T.C.A. § 29-20-311; T.C.A. § 29-20-403(b)(2)(A). Ms. Hempy argues the above statute, T.C.A. § 56-7-1202(b)(4), does not apply to the situation at bar because the city vehicle was not "uninsured," but rather "underinsured." This argument is not persuasive, since the statutory definition of an "uninsured motor vehicle" clearly encompasses "underinsured" motor vehicles as well. "It appears to us the Legislature simply combined those two categories in a single paragraph...." ***Dockins v. Balboa Insurance Co.,*** 764 S.W.2d 529, 532 (Tenn. 1989).

***Hempy,*** 1995 WL 309986, at *2. ***Hempy*** controls the resolution of the second issue argued by the plaintiffs. Accordingly, that issue is found adverse to the plaintiffs.[4]

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants. This case is remanded for collection of costs assessed below, pursuant to applicable law.

---

[4]Our decision in this case renders moot the other issues raised by the insurance company. Accordingly, they are pretermitted.