# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 7, 2002 Session

## JERRY W. SEYMOUR, ET AL. v. TOMISA SIERRA, ET AL.

**Appeal from the Circuit Court for Franklin County**
**No. 10,897-CV      Buddy D. Perry, Judge**

---

### No. M2001-02278-COA-R9-CV - Filed July 16, 2002

---

The only question involved in this appeal is whether an insured may proceed directly against its uninsured motorist carrier when the tortfeasor is in fact insured but service of process is returned "not to be found." The Circuit Court of Franklin County allowed the suit to proceed and we granted the insurance company's motion for an interlocutory appeal under Rule 9, Tenn. R. App. P. After briefing and oral argument, we affirm the trial court.

**Tenn. R. App. P. 9 Appeal by Permission; Judgment of the Circuit Court
Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, J. and THOMAS W. BROTHERS, SP. J., joined.

Parks T. Chastain, Nashville, Tennessee, for the appellant and unnamed defendant, Nationwide Insurance Company.

Robert S. Peters, Winchester, Tennessee, for the appellees Jerry W. Seymour and Emmalene Seymour.

### OPINION

### I.

The plaintiffs, man and wife, filed a complaint in the Circuit Court of Franklin County against Tomisa Sierra and Octavia Cruise. The complaint alleged that Tomisa Sierra, on or about May 6, 1997, while driving an automobile owned by Octavio Cruise, negligently caused injury to the two plaintiffs. The plaintiffs sought an award of damages in the combined amount of $100,000.

The plaintiffs served a copy of the complaint on Nationwide Insurance Company, their own insurance carrier. On May 22, 1998, Nationwide filed an answer revealing that it issued a policy to

the plaintiffs which provided uninsured/underinsured motorist coverage with limits of $100,000 for one person and $300,000 for two or more persons.

Plaintiffs issued an alias summons for the defendants on February 11, 1999. On March 4, 1999 the summons for each defendant was returned "not to be found." No further effort was made to serve the defendants. So far as the record shows, the whereabouts of the defendants is unknown.

On August 24, 2000, Nationwide moved for summary judgment on the ground that the statute of limitations barred any further prosecution of the action and that the inability to proceed against the defendants discharged Nationwide. *See Winters v. Estate of Jones*, 932 S.W.2d 464 (Tenn. Ct. App. 1996). Along with the motion, Nationwide filed the affidavit of a claims representative with Michigan Millers Insurance Company showing that on the date of the accident the automobile operated by Tomisa Sierra was covered by a liability policy issued by Michigan Millers. Later the plaintiffs' attorney filed an affidavit showing that the limits of the Michigan Miller's policy were $50,000/$100,000. The trial judge denied the motion for summary judgment and we granted the interlocutory appeal to consider the following question: "Whether the service provisions of Tenn. Code Ann. § 56-7-1206(d) apply where the defendants were insured at the time of the accident but service on the defendants was returned "Not to be Found."

## II.

Tennessee is not a "direct action" state where a plaintiff can sue the liability insurance carrier of the defendant who allegedly caused the harm. When the legislature first provided for uninsured motorist coverage the statutes did not allow a recovery from the plaintiff's uninsured carrier where the tortfeasor could not be served with process. *Glover v. Tennessee Farmers*, 468 S.W.2d 727 (Tenn. 1971); *McCall v. Maryland Cas. Co.*, 516 S.W.2d 353 (Tenn. 1974). Consequently, in 1975 the general assembly passed what became subsection (d) of Tenn. Code Ann. § 56-7-1206:

> (d) In the event that service of process against the uninsured motorist, which was issued to the motorist's last known address, is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect, or if service of process is being made upon the secretary of state for a nonresident uninsured motorist and the registered notice to the last known address is returned without service on the uninsured motorist, the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in such a case.

Nationwide, however, asserts that this statute does not apply because the defendants were in fact insured. Therefore, by not keeping the complaint alive in accordance with Rule 3, Tenn. R. Civ. Proc.,[1] the plaintiffs allowed the statute of limitations to run.

---

[1] "If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the
(continued...)

The plaintiffs counter with the argument that for the purpose of Tenn. Code Ann. § 56-7-1206(d), the defendants were uninsured. They base this argument on the definition of an "uninsured motor vehicle" in Tenn. Code Ann. § 56-7-1202(a):

> For the purpose of this coverage, "uninsured motor vehicle" means a motor vehicle whose ownership, maintenance, or use has resulted in the bodily injury, death, or damage to property of an insured, and for which the sum of the limits of liability available to the insured under all valid and collectible insurance policies, bonds, and securities applicable to the bodily injury, death, or damage to property is less than the applicable limits of uninsured motorist coverage provided to the insured under the policy against which the claim is made.

Under this subsection an "uninsured motor vehicle" clearly includes an underinsured motor vehicle. We are satisfied that the term "uninsured motorist" in Tenn. Code Ann. § 56-7-1206(d) also includes a motorist that is underinsured. At one time this chapter of the Code included both terms, but the legislature (and the courts) found the statutes confusing. Thus, in 1982 the legislature amended the statute to "combine the two categories in a single paragraph." *See Dockins v. Balboa Ins. Co.*, 764 S.W.2d 529 (Tenn. 1989); *see also Slutsky v. City of Chattanooga*, 34 S.W.3d 467 (Tenn. Ct. App. 2000). In *Slutsky*, the plaintiff contended that a government-owned vehicle was not an uninsured motor vehicle under the version of Tenn. Code Ann. § 56-7-1201 and 1202 then in effect because the governmental liability made the vehicle "underinsured." The court rejected that argument, relying on *Dockins v. Balboa*, saying, "It appears to us the Legislature simply combined those two categories in a single paragraph . . . ." 34 S.W.3d at 471. We conclude that an uninsured motorist in Tenn. Code Ann. § 56-7-1206(d) includes an underinsured motorist.

We sympathize with parties and their lawyers that have to try cases involving uninsured/underinsured motorists when the subject presents a moving target. The Legislature nearly every session amends the law, most of the time in response to a court decision interpreting the old law. We should also distinguish this case from *Winters v. Estate of Jones*, 932 S.W.2d 464 (Tenn. Ct. App. 1996) which involved Tenn. Code Ann. § 56-7-1206(d) but produced a different result. In that case, however, the plaintiff did not attempt to serve the defendant at his last known address, and we found (because of that failure), the plaintiff could not rely on the "not to be found" return.

We affirm the Circuit Court's refusal to grant summary judgment to the insurance company. The cause is remanded to the Circuit Court of Franklin County for further proceedings. Tax the costs on appeal to the appellant, Nationwide Insurance Company.

---

[1](...continued)
reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint."

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.