IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 4, 2000 Session

## CHARLES R. HEAD, JR., ET AL. v. JAMES LYNN GIBSON, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 96C-1590      Walter C. Kurtz, Judge**

---

**No. M1999-00656-COA-R3-CV - Filed March 13, 2003**

---

This is an appeal from a judgment granting a motion for summary judgment in favor of State Farm Mutual Automobile Insurance Co. that the uninsured motorist coverage offered to the plaintiffs was not implicated under the circumstances of this litigation. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

BEN H. CANTRELL, P.J., M.S., WILLIAM C. KOCH, JR., J., and WILLIAM B. CAIN, J.

George J. Duzane, Nashville, Tennessee, for the appellants, Charles R. Head, Jr. And Donna M. Head.

Joseph B. Klockenkemper, II, Nashville, Tennessee, for the appellee, State Farm Mutual Automobile Insurance.

**OPINION**
**PER CURIAM**

Background

Mr. Head, a Metropolitan motorcycle policeman, was seriously injured in a traffic accident on Interstate 65 in Nashville when he was struck by an automobile driven by Corbett Coburn, Jr., who had been struck in the rear by a truck driven by Jamie L. Gibson. Mr. Head's medical expenses were about $90,000.00 and he sustained substantial permanent physical impairments.

A suit for damages for his injuries, expenses, and disabilities resulted in an approved verdict for $1,380,000.00, apportioned $765,000.00 against Mr. Gibson, and $615,000.00 against Mr. Coburn. A derivative suit for loss of consortium filed by Ms. Head resulted in a verdict for

$500,000.00, (subsequently remitted to $350,000.00) apportioned $178,500.00 against Mr. Gibson, and $143,500.00 against Mr. Coburn.[1]

Mr. Gibson was insured by Direct Insurance Company whose policy provided coverage of $25,000.00 which was paid to the Clerk of the Court.

Mr. Coburn was insured by State Farm Mutual Insurance Company whose policy limit of $100,000.00 was paid to the Clerk, together with an additional $550,000.00.[2]

The plaintiffs had uninsured motorist coverage with State Farm, upon whom a copy of their complaint was served pursuant to Tenn. Code Ann. § 56-9-120b(a). All issues pertaining to uninsured coverage were bifurcated by agreement. After the Clerk disbursed the amounts paid into the treasury of the Court, State Farm filed a motion for summary judgment alleging that the plaintiffs

> are collecting from the liability carriers of the named defendants a total amount in excess of the uninsured motorist limit available under the plaintiffs' State Farm car policy and thus the uninsured motorist limit under the State Farm car policy is reduced to zero (0) and totally eliminated by the award of the liability coverage being collected by the plaintiffs.

The motion was granted and the plaintiffs appeal.

### Standard of Review

The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment. Our task is confined to reviewing the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Rule 56.03 of the Tennessee Rules of Civil Procedure provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim of defense contained in the motion, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. *Anderson v. Standard Register Co.*, 857 S.W.2d 555,559 (Tenn. 1993). The moving party had the burden of proving that its motion satisfies these requirements. *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991).

---

[1] These amounts are net. The jury allocated fault percentages as follows: Mr. Gibson, 51 percent; Mr. Coburn, 41 percent; Mr. Head, 8 percent.

[2] The record does not reveal the reason for the payment of the additional sum, but it obliquely appears that the claim of Mr. Head could have been settled for the policy limit. We deduce that State Farm avoided further litigation by settling the potential claim of Mr. Coburn for $550,000.00.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *Byrd*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. *Byrd*, 847 S.W.2d at 210-11.

## Analysis

The issue, of course, is whether the uninsured motorist coverage afforded by the plaintiffs' policy is available to them.[3] As pertinent here, the plaintiffs' policy provides

> a. Coverage UI
>
> The amount of coverage is shown on the declarations page under "Limits of Liability - UI - Each Person, Each Accident." Under "Each Person" is the amount of coverage for all compensatory damages due to bodily injury to one person. "Bodily injury to one person" includes all injury and compensatory damages to others resulting from this bodily injury. Under "Each Accident" is the total amount of coverage subject to the amount shown under "Each Person" for all compensatory damages due to bodily injury to two or more persons in the same accident.

Coverage limits are $100,000.00 to each person with a maximum of $300,000.00 for each accident.

The plaintiffs argue that the policy does not "specifically provide for the exclusion of recoveries for loss of consortium or loss of services causes of action" and thus is ambiguous "as to what coverage is afforded in circumstances such as the ones that are present in the instant case." Such ambiguity, the plaintiffs argue, requires that the policy language should be construed against the insuror.

Tenn. Code Ann § 56-7-1201, applicable in August, 1995 when Mr. Head was injured, provides that "uninsured motor vehicle means a motor vehicle whose . . . use has resulted in the bodily injury . . . of an insured, and for which the sum of the limits of liability available to the insured under all collectible insurance policies applicable to the bodily injury . . . is less than the applicable limits of uninsured motorist coverage provided to the insured under the policy against which the claim is made." *See, also,* Tenn. Code Ann. § 56-7-1201(d).

---

[3] One of the arguments made by the plaintiffs is that the "court erred where (sic) it did not grant summary judgment to the plaintiffs in the uninsured benefits against State Farm Auto Insurance Co." The record does not reveal that the plaintiffs filed a motion for summary judgment. The point, however, is not crucial in light of our disposition of the case.

The sum of the limits of the liability policy of Mr. Coburn and Mr. Gibson was $125,000.00, which was paid. Mr. Head's uninsured coverage of $100,000.00 is therefore not implicated unless, as the plaintiffs argue, the policy provided $200,00.00 of coverage, one-half of which - less $25,000.00 paid by Mr. Gibson's insurer - is applicable to Mrs. Head's claim. Since the policy in the clearest of language provides coverage for all "compensatory damages due to bodily injury to one person" which "includes all . . . compensatory damages to others resulting from this bodily injury," we can find no merit in the appellants' argument. Contracts of insurance must be read in their entirety, and the language used must be given its plain and ordinary meaning, and where there is no ambiguity, it is the duty of the court to apply the words used in their ordinary meaning without any false construction. *Paul v. INA*, 675 S.W.2d 481 (Tenn, Ct. App. 1984); *Beef N'Bird of Am. v. Continental Cas. Co.*, 803 S.W.2d 234 (Tenn. Ct. App. 1990).

It has long been recognized in this jurisdiction that a spouse's claim for loss of consortium is derivative, *Swafford v. Chattanooga*, 743 S.W.2d 174 (Tenn. Ct. App. 1987), and the right to recover for the loss of consortium may be limited to the per person policy limits. *Yancey v. Utilities Ins. Co.*, 137 S.W. 2d 318 (Tenn. 1939); *Slutsky v. City of Chattanooga*, 34 S.W.3d 467 (Tenn. Ct. App. 2000), and *Clark v. Hartford A & I Company*, 457 S.W.2d 35 (Tenn. Ct. App. 1970). The compensatory damages awarded to Mrs. Head were predicated on the injuries to her husband and thus the 'each person' limit of $100,000.00 controls. *See, Erwin v. Rose*, 980 S.W.2d 203 (Tenn. Ct. App. 1998).

We have considered provisions identical to State Farm's uninsured motorist provision. In both cases, we concluded that the loss of consortium claims, being derivative of the spouse's bodily injury claims, were capped by the single $100,000 "per person" limit of liability for uninsured motorist coverage. *Carter v. USAA Prop. & Cas. Ins. Co.*, No. 03A01-9810-CV-00327, 1999 WL 652423, at *3 (Tenn. Ct. App. Aug. 24, 1999)(No Tenn. R. App. P. 11 application filed); *Harper v. Kelley*, No. 03A01-9106-CV-00199, 1991 WL 220611, at *2 n. 2 (Tenn. Ct. App. Oct. 31, 1999)(No Tenn. R. App. P. 11 application filed). Accordingly, we do not agree with Mr. and Ms. Head that their policy provided $200,000 in coverage in this situation. Because the sum of their recovery from the other drivers exceeded the $100,000 limit of their uninsured motorist coverage, the trial court correctly dismissed their claim against State Farm.

The judgment is affirmed at the costs of the appellants, Charles R. Head, Jr. and Donna M. Head.

PER CURIAM