# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 1, 2016 Session

## SANDRA PREWITT ET AL. v. KAMAL BROWN

**Appeal from the Circuit Court for Davidson County**
**No. 13-C-2894       Kelvin D. Jones, Judge**

_____

**No. M2016-00874-COA-R3-CV – Filed January 30, 2017**

_____

This appeal arises from a two-car accident. The parties do not dispute that Plaintiff's vehicle sustained irreparable damage and that Defendant, the driver of the other vehicle, was 100% at fault. Prior to the commencement of this action, the automobile insurance carrier for Defendant, Allstate Insurance Company, paid the lien-holder of Plaintiff's vehicle $7,852.57, the amount Allstate believed to be the fair market value of the vehicle. Thereafter, Plaintiff sued Defendant to recover the balance of the fair market value of her car and damages for loss of use. She also asserted a direct action against Allstate, alleging that Allstate reached a settlement with her lien-holder before exploring the full extent of her damages. The trial court dismissed the direct action against Allstate for failure to state a claim upon which relief could be granted, pursuant to Tenn. R. Civ. P. 12.02(6), because Tennessee law does not permit a direct action against an insured's insurance carrier "without first establishing that the insured . . . has become 'legally obligated' to pay damages." *Ferguson v. Nationwide Prop. & Cas. Ins. Co.*, 218 S.W.3d 42, 52 (Tenn. Ct. App. 2006) (quoting *Seymour v. Sierra*, 98 S.W.3d 164, 165 (Tenn. Ct. App. 2002)). Following the dismissal of Plaintiff's claims against Allstate, the trial court summarily dismissed Plaintiff's claims against Defendant upon the finding that Plaintiff failed to present any evidence that the fair market value was more than Allstate paid on behalf of Defendant. The court also summarily dismissed Plaintiff's claim for the loss of use of her car, because it could not be repaired and she never sought to rent a replacement vehicle. Plaintiff appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Candes Prewitt, Nashville, Tennessee, for the appellant, Sandra Prewitt.

Jay R. McLemore and J. David Watkins, Franklin, Tennessee, for the appellee, Kamal Brown.

## OPINION

Sandra Prewitt ("Plaintiff") entered into an installment sales agreement with DriveTime a/k/a DT Corporation ("DriveTime") in February 2010 to purchase a 2008 Mitsubishi Galant. Plaintiff made an initial down payment of $1,900.00, and financed the remainder of the purchase price—$15,542.62—with DriveTime over a period of fifty-two months at an 18.738% interest rate. According to the agreement, DriveTime held the title to the vehicle until Plaintiff paid the entire purchase price. The agreement further provided that Plaintiff would be in default of the loan if, *inter alia*, "the Vehicle is lost, damaged beyond repair, or destroyed."

On June 1, 2013, Candes Prewitt, Plaintiff's adult daughter, was driving alone in Plaintiff's car when she was involved in a motor vehicle accident with an automobile driven by Kamal Brown ("Defendant").[1] Plaintiff's vehicle was totaled as a result of the accident. Plaintiff was not in the vehicle when the accident occurred; thus, she did not sustain personal injuries. Candes Prewitt, however, claims to have sustained personal injuries as a result of the accident.

Because Plaintiff's vehicle was totaled, DriveTime acted upon the default provision in the installment sales agreement and repossessed Plaintiff's vehicle. Shortly thereafter, Defendant's insurer, Allstate Insurance Company ("Allstate"), paid DriveTime $7,852.57 in exchange for the title to Plaintiff's vehicle. Subsequently, DriveTime informed Plaintiff that it applied the $7,852.57 payment to her account but that she still owed a balance of $4,667.53.

On July 19, 2013, Plaintiff commenced this action against Defendant and Allstate seeking to recover damages for the total loss of the car and for the loss of use of the car. As for her claims against Allstate, Plaintiff alleged that Allstate had reached a settlement before exploring the full extent of her damages, and that "Allstate . . . used coercive means to force [Plaintiff] to accept their less than fair settlement offer."

Allstate and Defendant filed a consolidated Tenn. R. Civ. P. 12.02(6) motion to dismiss the complaint on several grounds. Regarding the claims against Allstate, they argued that Tennessee law does not allow direct actions by a plaintiff in a vehicular accident against an alleged tortfeasor's automobile insurance carrier. Additionally, they argued that the allegations against Defendant failed to state a legal basis for recovery against him because there were no factual allegations of fault. After a hearing, the trial

---

[1] Candes Prewitt is also a licensed attorney, and she is representing her mother in this action.

court granted the motion in part by dismissing all claims against Allstate. The court also determined that the complaint failed to state any allegation of fault against Defendant; however, instead of dismissing the claims against Defendant, the court granted Plaintiff leave to amend the complaint to properly assert a claim against him.

Plaintiff then filed an amended complaint, which alleged that Defendant caused the collision through the negligent operation of his automobile and that "the force of the collision totally destroyed [Plaintiff's] vehicle. . . ."[2] The amended complaint also included claims for both the value and the loss of use of her car.

Following discovery, Defendant filed a "Motion for Summary Judgment for Claims of Sandra Prewitt." Defendant argued that summary judgment was proper for Plaintiff's claims for several reasons. First, he argued that Plaintiff could not recover the value of the car because, by her own admission, she held no equity interest in it and the lienholder accepted the fair market value of the car paid on Defendant's behalf. Second, Defendant argued that he was not responsible for Plaintiff's outstanding contractual debt. Third, he argued that, absent commercial property, Tennessee law prohibits recovery for loss of use to personal property that has been damaged beyond repair.

Plaintiff filed a response to Defendant's motion, arguing that summary judgment was improper because many of the material facts were in dispute. First, she contended that Allstate colluded with DriveTime by paying DriveTime $7,852.57 following repossession, and that this conduct wrongfully interfered with her contract with DriveTime. Second, she argued that Defendant submitted documents in support of his motion that were "unauthenticated," and thus inadmissible. Third, she argued that DriveTime did not pay the fair market value of Plaintiff's car (though she did not supply any evidence supporting this contention).

Following a hearing, the trial court announced the legal grounds for its decision to grant Defendant's motion and ordered Defendant to submit a memorandum memorializing the trial court's decision. After receiving Defendant's draft order, the trial court drafted its final order summarily dismissing all of Plaintiff's remaining claims. This appeal followed.[3]

---

[2] The amended complaint also included Candes Prewitt as a plaintiff and alleged that she "suffered serious bodily injuries in the collision . . . as a direct and proximate result of the negligent, reckless, wanton, and unlawful conduct of [Defendant]. . . ." However, because these claims are not at issue in this appeal, we will not discuss them further.

[3] The order dismissing Plaintiff's claims was designated as a final judgment pursuant to Tenn. R. Civ. P. 54.02, which afforded Plaintiff the right to appeal while the claims of Candes Prewitt for personal injuries remain in the trial court.

ANALYSIS

Plaintiff raises several issues for our consideration.[4] We have determined that the dispositive issues of this appeal are better stated as follows:

1. Whether the trial court erred in dismissing Plaintiff's direct action against Defendant's insurer, Allstate?

2. Whether the trial court erred in summarily dismissing Plaintiff's claim for the property damage to her vehicle and for loss of use of her vehicle?

I. DIRECT CLAIMS AGAINST DEFENDANT'S INSURER

Plaintiff contends the trial court erred in dismissing her claims against Allstate pursuant to Tenn. R. Civ. P. 12.02(6) because Plaintiff's complaint alleged facts that would show that Allstate did not make a good faith attempt to settle her claim against Defendant.

The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint. *Gore v. Dep't of Correction*, 132 S.W.3d 369, 373 (Tenn. 2003). In determining whether the pleadings state a claim upon which relief can be granted, only the legal sufficiency of the complaint is tested, not the strength of the plaintiff's proof. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Id*. (citing *Cook v.*

---

[4] The issues as stated in Plaintiff's brief read:

1. Whether the trial court erred by granting the admitted solely liable Appellee's motion for summary judgment, dismissing all claims of Appellant, because said motion, memorandum of law in support thereof, the reply, the memorandum of findings of fact and conclusions of law, as well as the resulting memorandum and order did not comply with Tennessee Rule of Civil Procedure 56 nor Tennessee law?

2. Whether the trial court erred and abused its discretion in its application of the requisite standard for review for summary judgment, with respect to Appellant, because the appropriate standard reveals a genuine issue of material fact exists?

3. Whether the trial court erred by dismissing Allstate Insurance Company, with prejudice, as a defendant in this action, because Allstate Insurance's Company's direct actions, involvement, and conduct in this matter were essential to the trial court granting Appellee's motion for summary judgment, dismissing all claims of Appellant?

*Spinnaker's of Rivergate, Inc*., 878 S.W.2d 934, 938 (Tenn. 1994)). On appeal, we take all allegations of fact in the plaintiff's complaint as true and review the trial court's legal conclusions de novo with no presumption of correctness. Tenn. R. App. P. 13(d); *Stein*, 945 S.W.2d at 716; *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook*, 878 S.W.2d at 938.

Plaintiff's claims against Allstate are based on the fact that Allstate, which provided automobile liability insurance coverage for Defendant when the accident occurred, failed to make "a good faith attempt to settle her claim" against its insured. Thus, Plaintiff was attempting to assert a direct action against Defendant's liability carrier, even though Defendant had not been found liable to pay any of Plaintiff's alleged damages when the complaint was filed.

"Tennessee is not a 'direct action' state where a plaintiff can sue the liability insurance carrier of the defendant who *allegedly* caused the harm." *Seymour v. Sierra*, 98 S.W.3d 164, 165 (Tenn. Ct. App. 2002) (emphasis added). More specifically, a plaintiff cannot maintain a direct action against a defendant's insurance company in Tennessee "without first establishing that the insured . . . has become 'legally obligated' to pay damages." *Ferguson v. Nationwide Prop. & Cas. Ins. Co.*, 218 S.W.3d 42, 52 (Tenn. Ct. App. 2006) (quoting *Seymour*, 98 S.W.3d at 165). Defendant had not been found legally obligated to pay Plaintiff's damages at any time material to this action. Therefore, Plaintiff failed to state a claim against Allstate for which relief could be granted. *See Ferguson*, 218 S.W.3d at 52; *see also Seymour*, 98 S.W.3d at 165. Accordingly, the trial court did not err in dismissing Plaintiff's claims against Allstate pursuant to Tenn. R. Civ. P. 12.02(6).

## II. SUMMARY JUDGMENT

Plaintiff contends the trial court erred in summarily dismissing Plaintiff's claim for the property damage to her vehicle and for loss of use of her vehicle.

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id*.; *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). In so doing, we consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id*. Instead, the nonmoving party must respond with specific facts showing that there is a genuine issue for trial. *Id*. A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id*.

Plaintiff challenges the summary dismissal of her claims on several grounds. We shall discuss each separately.

A. The Trial Court's Independent Judgment

Plaintiff contends the trial court failed to comply with Tenn. R. Civ. P. 56.04 which requires it to state the grounds for granting or denying a motion for summary judgment before it requests the prevailing party to draft a proposed order.[5] More specifically, she argues that the trial court failed to independently state the legal grounds upon which it granted the motion and erred by adopting verbatim the reasoning stated in Defendant's motion for summary judgment and in his proposed findings of fact, which were submitted after the hearing. In making this argument she relies on *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014), which states, "Tenn. R. Civ. P. 56.04 requires the trial court, upon granting or denying a motion for summary judgment, to state the grounds for its decision before it invites or requests the prevailing party to draft a proposed order." We have determined that the record does not support this argument.

The trial court conducted a hearing on Defendant's summary judgment motion at which both Plaintiff and Defendant presented arguments. At the conclusion of the hearing, the trial court stated from the bench the legal grounds upon which it was granting Defendants' motion. In doing so, the trial court complied with the requirements of Tenn. R. Civ. P. 56.04. After stating its reasoning, the trial court instructed Defendant

---

[5] Plaintiff did not expressly identify this as an issue in her brief as required by Tenn. R. App. P. 27(a)(4); nevertheless, she argued the issue at length in her brief. Accordingly, we elected to address the matter.

to submit a proposed order memorializing those findings, which is permitted.[6] Significantly, instead of signing the proposed order submitted by Defendant, the trial court drafted a separate order stating its reasons for granting Defendant's motion for summary judgment, which included, *inter alia*, the grounds stated by the court from the bench. The mere fact that the trial court also adopted, even verbatim, reasoning and grounds stated in Defendant's motion for summary judgment and in his proposed findings is of little consequence; it merely indicates that the trial court was persuaded by Defendant's argument and agreed that the material facts were undisputed.

For the reasons stated above, the trial court fulfilled its obligation under Tenn. R. Civ. P. 56.04 and *Smith.*

### B. Plaintiff's Claim for Property Damage

Plaintiff contends the trial court erred in summarily dismissing her claim for property damage. She asserts the fair market value of the vehicle was more than $7,852.57, the amount Allstate paid on behalf of Defendant to DriveTime in exchange for the title of Plaintiff's vehicle. She also specifically claims that Defendant is liable to her for the balance she owes DriveTime pursuant to the installment sales agreement. We have determined Plaintiff's remedy for property damage is limited to the fair market value of the vehicle and that the trial court correctly dismissed her claim for property damage because Plaintiff presented no evidence to support a finding that the fair market value of the vehicle exceeded the amount Allstate paid.

A party seeking damages must present sufficient evidence "to enable the trier of fact 'to make a fair and reasonable assessment of damages.'" *BancorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 230 (Tenn. Ct. App. 2006) (quoting *Wilson v. Farmers Chem. Ass'n, Inc.*, 444 S.W.2d 185, 189 (Tenn. Ct. App. 1989)). While the party seeking damages is not required to prove the exact amount of his or her damages, there must be "proof of damages within a reasonable degree of certainty." *Redbud Coop. Corp. v.*

---

[6] The practice of trial courts receiving and using party-prepared findings of fact, conclusions of law, and orders is permissible provided two conditions precedent are satisfied. *Smith*, 439 S.W.3d at 315-16.

> First, the findings and conclusions must accurately reflect the decision of the trial court. Second, the record must not create doubt that the decision represents the trial court's own deliberations and decision. Accordingly, reviewing courts have declined to accept findings, conclusions, or orders when the record provides no insight into the trial court's decision-making process, or when the record "casts doubt" on whether the trial court "conducted its own independent review, or that the opinion is the product of its own judgment."

*Id.* at 316 (internal citations omitted).

*Clayton*, 700 S.W.2d 551, 561 (Tenn. Ct. App. 1985). "Without proof of damages, there can be no award of damages." *Inman v. Union Planters Nat. Bank*, 634 S.W.2d 270, 272 (Tenn. Ct. App. 1982).

> In Tennessee, the measure of damage to personal property is as follows:
>
> If the damages have been repaired or the property is capable of repair so that the three factors of function, appearance, and value have been or will be restored to substantially the same value as before the incident, then the measure of damages is the reasonable cost of repairs necessary for the restoration plus any loss of use pending the repairs.
>
> *If . . . the property is not capable of repair so as to restore function, appearance, and value as they were immediately before the incident, then the measure of damages is the difference in the fair market value of the property immediately before the incident and immediately after the incident.*

*Tire Shredders, Inc. v. ERM-N. Cent., Inc.*, 15 S.W.3d 849, 855 (Tenn. Ct. App. 1999) (quoting Tennessee Pattern Jury Instruction 14.40) (emphasis added).

Defendant admitted that he was 100% at fault, and it is undisputed that the vehicle was damaged beyond repair. Therefore, Plaintiff's property damage claim "is the difference in the fair market value of the property immediately before the incident and immediately after the incident."[7] *See id*. Defendant supported his motion for summary judgment with a statement of undisputed facts that, unless properly disputed by Plaintiff, established the following:

(1) DriveTime held both a security interest and legal title to Plaintiff's vehicle at all material times;

(2) DriveTime lawfully repossessed Plaintiff's vehicle after it was damaged beyond repair;

(3) Allstate, acting on behalf of Defendant, paid DriveTime $7,852.57 in satisfaction of DriveTime's claim against Defendant for property damage; and

---

[7] If the property can be repaired, the plaintiff may also be entitled to recover damages for the loss of the use of the property for the reasonable amount of time it takes to be repaired. *Tire Shredders, Inc.*, 15 S.W.3d at 855 (Tenn. Ct. App. 1999) (citing Tennessee Pattern Jury Instruction 14.40).

(4) Plaintiff's obligation to DriveTime under the installment purchase agreement was offset by the $7,852.57 DriveTime accepted from Allstate on behalf of Defendant; thus, Plaintiff received the full benefit of Allstate's payment to DriveTime.

Based on the foregoing, Defendant demonstrated that Plaintiff's evidence was insufficient to establish that the fair market value of her vehicle was greater than the amount Allstate paid on behalf of Defendant for her property damage. Accordingly, the burden of persuasion shifted to Plaintiff to establish that the fair market value of her vehicle was more than $7,852.57. *See Rye*, 477 S.W.3d at 264 (stating the party who does not bear the burden of proof at trial may satisfy its burden of production "by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.").

In her response, Plaintiff failed to identify any evidence that would support a finding that the fair market value of the car exceeded $7,852.57. To the contrary, during her deposition, when asked whether she knew the fair market value of her car, she replied: "No, I did not. No, I do not." When asked if she would dispute what DriveTime accepted for the vehicle, she stated:

A. Yes, I would, because I don't know how they came up with that figure. I don't know it, but I don't know how they came up with it. Neither did they have any discussions with me relevant to how they came up with it. And, furthermore, it would not be just and it would not be fair for them to pay any amount that would leave me owing several thousand dollars on a vehicle that their policyholder or one of their representatives destroyed. That is not fair. That is not right.

****

Q. And as far as the payment Allstate made, what do you base your dispute of that payment on?

A. The fact that I got a bill for over $4,000. The fact that the lienholder said, 'Look this company,' your insurance company, Allstate, 'made a partial payment on your account and this is what you owe.' That is what I base it on. "

Plaintiff had the affirmative duty to "respond with specific facts" showing that there was a genuine issue for trial concerning the fair market value of her vehicle. *See id.* However, Plaintiff failed to present or identify any evidence to establish that the fair market value of her vehicle was in excess of $7,852.57. Accordingly, the trial court acted appropriately by dismissing Plaintiff's claim for property damage.

- 9 -

## C. Plaintiff's Loss of Use Claim

Plaintiff contends the trial court erred in not awarding damages for the loss of use of her car. Defendant argues the trial court correctly decided the issue because the car sustained irreparable damage, Plaintiff did not rent a replacement vehicle, and she failed to identify any expense incurred for the loss of use.

As a general rule in Tennessee, loss of use damages are not available when substantial restoration is impossible. *Tire Shredders, Inc.*, 15 S.W.3d at 855. When the damage is irreparable, the Plaintiff is entitled only to the differential between the fair market value of the car before and after the accident.[8] *Id.* However, the Tennessee Court of Appeals has recognized an exception to the rule when commercial property has sustained irreparable damage and cannot be replaced within a reasonable time. *Id.* at 856.

It is undisputed that Plaintiff's vehicle was damaged beyond repair and she did not rent a replacement vehicle. Even assuming Plaintiff is entitled to damages for loss of use of a non-commercial vehicle, she presented no evidence of incurring a specific expense or sustaining damages for the loss of use of her car. The purpose of awarding damages is to compensate for damages actually incurred, not to provide a plaintiff with a windfall. *Corp. Air Fleet of Tennessee, Inc. v. Gates Learjet, Inc.*, 589 F. Supp. 1076, 1082 (M.D. Tenn. 1984). Thus, the trial court acted properly in summarily dismissing her claim for loss of use.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Sandra Prewitt.

_____
FRANK G. CLEMENT, JR., P.J., M.S.

---

[8] The Texas Supreme Court recently explored the historical underpinnings of this rule at length in *J & D Towing, LLC v. American Alternative Insurance Corporation*, 478 S.W.3d 649 (Texas 2016). According to early case law, a majority of jurisdictions within the United States prohibited loss of use damages when personal property was completely destroyed. *Id.* at 664. Since the mid-twentieth century, however, courts have begun to question the rationality of that rule, basing their holdings, in part, on the principle of full and fair compensation. *Id.* at 673 and 675. Thus far, seventeen high courts (including Texas) have held that a plaintiff is entitled to loss of use damages in total destruction cases. *Id.* at 673.