IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 2, 2020

## SHERMAN MATTHEWS v. UPS STORE CENTER 3138 ET AL.

**Appeal from the Circuit Court for Hamilton County**
No. 19C744  J.B. Bennett, Judge

_____

**No. E2020-00255-COA-R3-CV**

_____

A store clerk packaged a customer's personal property for shipment.  When the property was damaged during shipment, the customer sued the store and the clerk for compensatory damages.  At the close of the plaintiff's proof, the defendants moved to dismiss because the plaintiff did not come forward with sufficient proof of damages.  The trial court granted an involuntary dismissal.  *See* Tenn. R. Civ. P. 41.02(2).  On appeal, the plaintiff argues that the trial court erroneously excluded his evidence.  We conclude that the excluded evidence, if admitted, would not have affected the outcome.  So we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON II, J., joined.

Sherman Matthews, Chattanooga, Tennessee, pro se appellant.

Gary S. Napolitan and Terri L. Daugherty, Chattanooga, Tennessee, for the appellees, UPS STORE CENTER 3138 and Jason Delaney.

### MEMORANDUM OPINION[1]

#### I.

Sherman Matthews paid UPS Store Center 3138 to pack and ship a stereo receiver to Royal Camera Service.  As part of the sale, Mr. Matthews purchased the custom packing materials recommended by the store clerk and allowed the clerk to re-pack the receiver.

---

[1] This opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

Royal Camera Service later notified Mr. Matthews that the stereo receiver had been damaged. Mr. Matthews sued the UPS Store and the clerk in general sessions court. And he won.

Not content with the win, Mr. Matthews appealed to the circuit court for a new trial. After hearing Mr. Matthews's proof, the circuit court dismissed his action with prejudice because he failed to present sufficient proof of damages. *See* Tenn. R. Civ. P. 41.02(2).

## II.

On appeal, Mr. Matthews complains that the trial court improperly excluded his proof of damages. We review a trial court's evidentiary decisions for an abuse of discretion. *See Biscan v. Brown*, 160 S.W.3d 462, 468 (Tenn. 2005).

Mr. Matthews testified that his stereo receiver was "extremely damaged" during shipment. He also provided the court with two affidavits from Pawel Lewandowski, an employee of Royal Camera Service, and some photographs of the damaged receiver. The UPS Store objected to the affidavits as inadmissible hearsay. *See* Tenn. R. Evid. 802. And it complained that the photographs had not been properly authenticated. *See id.* 901(a). The trial court excluded all three items.

Mr. Matthews now contends that the affidavits were admissible as business records. *See id*. 803(6), 902. But, even if he is correct, we cannot grant him the relief he seeks. We only set aside a final judgment based on the erroneous exclusion of evidence when the evidence, if it had been admitted, would have affected the outcome. *See* Tenn. R. App. P. 36(b); *Pankow v. Mitchell*, 737 S.W.2d 293, 298 (Tenn. Ct. App. 1987). Even with these affidavits, we conclude that Mr. Matthews failed to establish his damages. So his case was properly dismissed. *See City of Columbia v. C.F.W. Constr. Co.*, 557 S.W.2d 734, 740 (Tenn. 1977) (explaining that "if the plaintiff's case has not been made out by a preponderance of the evidence, a judgment may be rendered against the plaintiff on the merits").

"The burden of proving damages rests on the party seeking them." *Discover Bank v. Morgan*, 363 S.W.3d 479, 496 (Tenn. 2012). Mr. Matthews sought compensation for the damaged stereo receiver. One way to measure property damage is the cost to repair the property item plus any loss of use during the repair period. *Prewitt v. Brown*, 525 S.W.3d 616, 623 (Tenn. Ct. App. 2017). Or damages can sometimes be measured by the "difference in the fair market value of the property immediately before [and after] the incident." *Id.* (quoting *Tire Shredders, Inc. v. ERM-N. Cent., Inc.*, 15 S.W.3d 849, 855 (Tenn. Ct. App. 1999)). For either measure, it was Mr. Matthews's responsibility to "lay[] a sufficient foundation to allow the trier of fact to make a fair and reasonable assessment of damages." *Discover Bank*, 363 S.W.3d at 496 (citation omitted).

Nothing in this record provided a sufficient basis for the court to quantify Mr. Matthews's damages. We agree with Mr. Matthews that the owner of personal property may testify as to its value. *See Maddux v. Cargill, Inc.*, 777 S.W.2d 687, 693 (Tenn. Ct. App. 1989). But he did not do that here. This record contains no evidence of the difference in value of the stereo receiver before and after the shipment. Nor do we find any evidence of repair cost or loss of use. Nor did the excluded evidence shed any light on the subject.[2] It merely supported Mr. Matthews's testimony that the stereo receiver had been damaged. *See Discover Bank*, 363 S.W.3d at 496 (distinguishing between the existence and amount of damages).

### III.

The excluded evidence, if admitted, would not have affected the outcome. Mr. Matthews did not meet his burden of proof on damages. So we affirm the decision of the trial court.

___s/ W. Neal McBrayer_____
W. NEAL MCBRAYER, JUDGE

---

[2] One affidavit referenced an attached invoice. But the invoice is not in the record. And no information is provided as to the invoice amount or the reason for the invoice.