IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 6, 2025 Session

## ANGELA JOHNSON ET AL. v. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY

**Appeal from the Circuit Court for Madison County**
**No. C-24-112          Kyle C. Atkins, Judge**

_____

**No. W2024-01791-COA-R3-CV**

_____

On December 13, 2022, David Johnson was struck by a vehicle driven by Dylan Clark. Dylan Clark's automobile insurance carrier was Appellee, Tennessee Farmers Mutual Insurance Company. Appellee negotiated a settlement and paid $50,000.00 on Mr. Clark's behalf for his role in the accident. The $50,000.00 check was made payable to both Appellant Beverly Johnson and Medicare. On May 1, 2024, Appellants filed suit. Appellees moved to dismiss the complaint for failure to state a claim pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, and the trial court granted the motion. Appellants appeal the dismissal of their lawsuit. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KENNY W. ARMSTRONG, J.J., joined.

Angela Johnson and Beverly Johnson, Jackson Tennessee, appellants, *pro se*.

John S. Little, Columbia, Tennessee, for the appellee, Tennessee Farmers Mutual Insurance Company (Col).

## OPINION

### I.          FACTS AND PROCEDURAL HISTORY

On December 13, 2022, David Franklin Douglas was struck by a vehicle driven by Dylan Clark while crossing North Highland Avenue in Jackson, Tennessee. Mr. Douglas eventually succumbed to his injuries from the accident. Tennessee Farmers Mutual Insurance Company (hereinafter "TN Farmers") negotiated a settlement in the amount of $50,000.00 on behalf of Mr. Clark as their insured.

The appellate record in this case contains multiple emails and negotiations between Appellant Angela Johnson, who acted on behalf of herself and her mother, Appellant Beverly Johnson. During the course of negotiations, TN Farmers provided Angela Johnson a copy of the declarations page from Mr. Clark's automobile insurance policy that showed the policy contained payment limits of $50,000.00 per person and $100,000.00 per accident. After negotiations concluded, a "Release and Settlement of All Claims" was executed on December 13, 2023. On the same day, a check was issued to Beverly Johnson and Medicare as contemplated by the settlement agreement.

Appellants filed suit on May 1, 2024, by way of a pleading entitled "Joint Motion to File Out of Time and For Relief Concerning Bodily Injury Damages from Farm Bureau with Regards to Claims to Damages from Insured's Policy and Responsibility Concerning Bodily Injury and Vehicular Homicide." The action was filed against "Farm Bureau Insurance, c/o Randel Higdon c/o Casey Dill." TN Farmers was served through the Tennessee Department of Commerce and Insurance on July 29, 2024. No summons was issued for either Randel Higdon or Casey Dill.

On September 9, 2024, TN Farmers filed a pleading styled "Rule 12.02(6) and 12.03 Motion to Dismiss and For Judgment on the Pleadings, Response in Opposition, and Answer of Tennessee Farmers Mutual Insurance Company to Plaintiffs' Purported Civil Action." The gravamen of TN Farmers' motion to dismiss the complaint was that it was an improper direct action against an insurance company, accord and satisfaction, and that the complaint had been filed after the expiration of the statute of limitations. The trial court granted Defendant's motion. Appellants timely appealed to this Court.

II.   ISSUES PRESENTED

In their appellate brief, Appellants raise a number of "issues" for this Court's review. However, the precise bases of Appellants' issues are difficult to discern, as they are intertwined with factual and legal arguments. The dispositive issues of this appeal as we perceive them are as follows:

1. Whether the trial court erred in determining that Appellants could not proceed directly against an insurance company in Tennessee for the actions of its insured;

2. Whether the trial court erred in not allowing further discovery while the motion

to dismiss was pending;

3.  Whether Appellee committed bad faith in negotiating a settlement.

### III.    LAW AND ANALYSIS

A Tenn. R. Civ. P. 12.02(6) motion to dismiss "seeks only to determine whether the pleadings state a claim upon which relief can be granted." *Edwards v. Allen*, 216 S.W.3d 278, 284 (Tenn. 2007). The motion "tests the legal sufficiency of the complaint" rather than "the strength of plaintiff's proof." *Smith v. Benihana Nat'l Corp.*, 592 S.W.3d 864, 870 (Tenn. Ct. App. 2019) (citations omitted). A trial court's decision to grant a Tenn. R. Civ. P. 12.02(6) motion to dismiss is a question of law that we review de novo with no presumption of correctness. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). We uphold a trial court's decision to dismiss under Tenn. R. Civ. P. 12.02(6) "only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

We note that Plaintiffs are proceeding *pro se*.[1] Regarding *pro se* litigants, this Court has determined:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts.  The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system.  However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs.  Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.  They are, however, entitled to

---

[1] It is not completely clear from the record in what capacity the parties appear. Angela Johnson appears as plaintiff as does Beverly Johnson who we discern is the widow of David Johnson.  We deduce from the record that Angela Johnson is the daughter of David and Beverly Johnson.

- 3 -

at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Id.* At 62-63 (internal citations omitted).

Appellants' trial court pleadings are replete with a dialogue of complaints against multiple parties. In their complaint, Appellants stated that "[t]he accident occurred on December 13, 2022." The only Tennessee law cited is to "TSA 29-26-116." If we are to assume that the Appellants intended to cite to Tennessee Code Annotated section 29-26-116 – that statute refers to the statute of limitation for a health care liability action. The complaint is difficult to decipher, but it appears to center around the amount of time that TN Farmers took to settle a claim regarding the underlying event, the amount of the settlement, and that the check for payment was made out to "Beverly Johnson and Medicare[2]," which Appellants assert was "a false compensatory payment." The majority of the complaint describes the suffering of the family of David Johnson as the result of his death.

Of the numerous issues presented by Appellants for our review, we find one above all to be dispositive of Appellants' claims against TN Farmers and their issues raised on appeal. As we have stated previously, Appellants filed their complaint against TN Farmers, and that is the only entity served with process. TN Farmers was the insurance company for Dylan Clark. TN Farmers was not otherwise involved in the automobile accident or is alleged in any way to otherwise have privity with Appellants. The law in Tennessee is clear as to whether a claimant may take "direct action" against an insurance company for alleged wrongs of its insured. The answer is no. "Tennessee is not a 'direct action' state where a plaintiff can sue the liability insurance carrier of the defendant who allegedly caused the harm." *Seymour v. Sierra,* 98 S.W.3d 164, 165 (Tenn. Ct. App. 2002). To that end, the trial court properly found that there were no set of facts alleged in Appellants complaint under which they could have prevailed in their suit against TN Farmers. For that reason, Appellants argument that they should have been allowed discovery to continue their lawsuit is also unavailing.

## IV. CONCLUSION

As no action may stand against TN Farmers by one making a claim for the wrongs of an insured, we affirm the dismissal of Appellants' complaint by the trial court. The

---

[2] There is no dispute that Medicare made payments for the care of Mr. Johnson. The record is devoid of any agreement between Appellants and Medicare for its subrogation interest.

remaining issues, including the statute of limitations implications of filing the complaint on May 1, 2024, for an accident that occurred December 13, 2022, are pretermitted. Costs of this appeal are taxed to the Appellants, Angela Johnson and Beverly Johnson, for which execution may issue if necessary.

s/Valerie L. Smith
VALERIE L. SMITH, JUDGE